470 A.2d 80

COMMONWEALTH of Pennsylvania, Appellee,

v.

Jerome MAJORANA, a/k/a James J. Majorana, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 17, 1983.

Decided Dec. 23, 1983.

Patrick J. Flannery, Asst. Public Defender, for appellant.

Robert J. Gillespie, Jr., Dist. Atty., Joseph C. Giebus, Wilkes-Barre, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

We granted appellant leave to appeal Superior Court's *en banc* order, 299 Pa.Super. 211, 445 A.2d 529, affirming Luzerne County Common Pleas' judgments of sentence after a Luzerne County jury found appellant guilty of unlawful restraint and criminal conspiracy to commit rape.

One codefendant, Gerald Nickol, was also convicted of unlawful restraint and criminal conspiracy, while a third codefendant, Richard Nickol, was convicted of these crimes as well as rape and indecent assault.[1] Common Pleas sentenced appellant to a term of 6 to 23½ months on the criminal conspiracy charge, and suspended sentence on the charge of unlawful restraint. Appellant filed timely post-trial motions, which were denied. A divided Superior Court, *en banc*, affirmed by a majority of one.

At issue is the proper interpretation of Pennsylvania's Rape Shield Law. 18 Pa.C.S. § 3104.[2] Appellant argues that the trial court erred in refusing to allow Richard Nickol, the codefendant whom the complainant accused of the rape, to introduce evidence of an act of consensual intercourse between Richard and the complainant said to have occurred some two hours before the alleged rape. The trial court and a majority of Superior Court held that the proffered evidence was evidence of "past sexual conduct" which did not raise the issue of consent and thus was barred by the statute.

■ For the reasons which follow, we reverse and re-mand, holding that our Rape Shield Law does not bar the admission of evidence, such as that offered by appellant,

1. Neither Gerald Nickol nor Richard Nickol are parties to this appeal.

2. 18 Pa.C.S. § 3104 provides:
   § 3104. Evidence of victim's sexual conduct
   (a) General rule.—Evidence of specific instances of alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.
   (b) Evidentiary proceedings.—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

which is directly relevant to negate the act with which the defendant is charged. Evidence of acts of intercourse, which show that they, and not a rape, caused the objective signs of intercourse is relevant.[3] Considering current knowledge and notions of human sexuality, such use violates the rule of *res inter alios acta* underlying judicial relevance, which precludes use of a past act to show present conduct. Admitting such evidence for the limited purpose of denying the act charged properly balances the laudible goals of the statute and an accused's fundamental right to present in defense his own version of the facts under both the Sixth Amendment to the Federal Constitution and Article I, Section 9 of our Pennsylvania Constitution.[4]

At trial the victim, Carol, testified that she had attended a dance in Wilkes-Barre on January 22, 1978, with a girlfriend. At about 10:40 P.M. she left. She saw defendant Richard Nickol standing beside a car owned by appellant. She asked Richard if he had seen her girlfriend. He replied that she had gone home, took her by the arm and put her in the back seat of the car, which drove off. Appellant drove. Gerald Nickol was in the front seat, and Carol and Richard in the back seat. Carol testified that Richard raped her while Gerald held her down; that Gerald tried to climb over the seat in order to rape her, but that she managed to push him away; that she was finally released about midnight, after which she went home and then to a hospital. Tests taken there revealed the presence of semen and live sperm in her vagina.

During the trial, defense counsel offered at sidebar to call Richard Nickol to testify that he and Carol went for a walk

---

**3.** If this evidence were truly evidence of a prior unrelated act, it could be offered and admitted as evidence of past consent for the purpose of showing consent to the present act, subject to the procedural requirement of Section 3104(b). It would be irrelevant and could not be offered or admitted to show the victim's poor reputation for chastity.

**4.** Article I, Section 9 provides in relevant part:
In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, ...

and had consensual intercourse in a nearby packing garage about two hours earlier.[5] The Commonwealth objected on the ground that the evidence was inadmissible under the Rape Shield Law, 18 Pa.C.S. § 3104, particularly in view of defendant's failure to file a written motion under Section 3104(b).

The trial court sustained the Commonwealth's objection to any testimony about either Carol's prior sexual relationship with Richard or the events of the day in question, limiting the defense to evidence of what happened in the car. In excepting to the court's ruling, appellant's counsel stated that Richard's testimony was not offered to attack the victim's reputation for chastity, but to explain the presence of sperm and semen in the victim's vagina shown by medical tests. Thereafter, no evidence of any sexual activity by the victim was introduced at trial, with the exception of Gerald Nickol's testimony that his brother Richard had said he was having sexual relations with Carol. The Commonwealth objected to that remark and the court instructed the jury to disregard it. Thus, the evidence at trial amounted to Carol's testimony to her rape in the car, the medical evidence showing recent intercourse and the defendants' testimony denying that any act of intercourse took place in the car.

In rejecting appellant's contention that the trial court improperly interpreted the Rape Shield Law, a majority of Superior Court held that appellant's offer involved evidence of prior sexual conduct which the statute generally prohibits, not falling within the statutory exception permitting evidence of prior sexual activity with the defendant for the purpose of showing consent. The majority stated:

5. All defendants joined in the motion to introduce this evidence, as well as the exception to the court's ruling barring the evidence. This issue was presented in written post-trial motions by appellant's counsel and briefed and argued below. It is thus properly before us. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979) (plurality opinion); Pa.R.Crim.P. 1123(a).

What Richard said occurred (in his proffered, but excluded testimony) and what Carol said occurred are not the same event. They are two separate incidents, whether both, either, or neither in fact occurred. Richard says that at one point in the evening Carol and he went for a walk and had sexual intercourse in a parking garage. Carol says that Richard put her in the car and, while James drove the car and Gerald held her down, Richard raped her. The charges were specifically for an act in the car. The prosecution was required to prove beyond a reasonable doubt that Carol was raped in the car. As testimony of a prior and separate incident Richard's testimony was barred by the Rape Shield Law unless the defendants placed consent at issue and filed the § 3104(b) motion.

299 Pa.Superior Ct. at 216, 445 A.2d at 531. The majority also held that insofar as the evidence was offered to explain the presence of semen and sperm in Carol's vagina, that too would be the result of a prior consensual act to which the requirements of the Rape Shield Law would apply. The majority, after stating that "[t]he *raison d'etre* of rape shield statutes is partially to correct the manner in which our criminal justice system has approached the victim of a sexual assault," concluded by saying:

Accordingly, we hold that Richard's proposed testimony of the consensual intercourse in the parking garage earlier on in the evening was evidence of prior sexual conduct within the meaning of the statute, and is barred. Had the defendants chosen to place consent at issue, the statute sets forth the procedure for so doing. 18 Pa.C. S.A. § 3104(b). However, as the defendants chose merely to deny the act complained of, and not to follow the statutory procedure, the statute applies in this situation to bar the admission of this testimony altogether.

299 Pa.Superior Ct. at 218, 445 A.2d at 532.

In first limiting the act or occurrence with which appellant was charged to what occurred in the car and then concluding that the evidence of what occurred a short time

before was a denial of the act, Superior Court begged the question. Evidence which directly contradicts the act or occurrence at issue is not barred by this statute. We cannot on the one hand exclude a time period for the purpose of applying the general statutory prohibition against evidence of prior specific sexual conduct and then determine that what is called evidence of a prior act is also a denial of the act in question.

The sad history of our criminal justice system's treatment of complaining rape victims is by now well-known and well-documented.[6] Thus, as recently as 1940 the recognized American authority on evidence could state:

> The admissibility, on a *rape* charge, of the complainant's *character for chastity or unchastity* is generally conceded; and her *habits as a prostitute* are usually regarded as equivalent to a general trait of character.
>
> The same doctrine should apply to a *charge of enticement for prostitution*, because the question is whether the woman went of her own impulses or yielded to persuasion. It should also apply in rape where the woman is *under the age of consent*, and in a charge of mere *assault with intent* to commit rape, or of *indecent assault*, or the like, not because it is logically relevant where consent is not in issue, but because a certain type of feminine character predisposes to imaginary or false charges of this sort and is psychologically inseparable from a tendency to make advances, and its admissibility to discredit credibility under *§ 924a, post*, cannot in practice be distinguished from its present bearing.

I *Wigmore on Evidence* § 62 (3rd ed., 1940) (emphasis in original) (footnotes omitted). He goes on to state:

> [M]odern psychology warns us to be liberal in investigating the moral attributes of women who make complaints of sexual outrages. The prudence and the necessity of

---

6. *See, e.g.,* Tanford and Bocchino, *Rape Victim Shield Laws and the Sixth Amendment,* 128 U.Pa.L.Rev. 544, 546–551 (1980), and Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* 77 Colum.L.Rev. 1, 7–32 (1977), detailing the history.

examining thoroughly the past conduct of the woman-complainant in such cases, in order to protect the accused against false charges, is now amply understood by the medical profession, and should be conceded by the law of Evidence.

*Id.* at § 200.

We totally reject such notions. The automatic admissibility of evidence concerning a complainant's past sexual activities or general bad character for chastity has been nearly universally, if belatedly, changed in the United States. It is a sad commentary that this change came about almost entirely by legislation instead of by the development of common law.[7] In an enlightened age a complaining witness's prior consensual sexual activity is simply not relevant to show present consent. As Judge Price said in *Commonwealth v. Strube:*

Instantly, neither the traditional rules of evidence regarding the admission of such testimony, nor the question of whether there does indeed exist a causal connection between prior sexual activity and subsequent voluntary consent in light of contemporary sexual mores need detain us. The arguments are persuasive that the logical underpinnings of the character doctrine are dubious in the extreme.

. . . .

The rape shield laws are legislative recognitions of the minimal probative value of sexual history and are designed to prohibit, to varying degrees, the travesty of presenting a noisome stream of defense witnesses testifying to the sexual propensities, often sordid and sometimes fanciful of the complaining witness.

274 Pa.Superior Ct. 199, 207–208, 418 A.2d 365, 369 (1979) (footnote and citations omitted).

7. As of 1979, 45 states by legislation, and one by appellate court ruling, as well as the United States Congress, had created some form of rape shield law. *See* Tanford and Bocchino, *supra,* note 6 at 1, 591–602. *See also* the 1980 Supplement to I *Wigmore on Evidence* § 62 (3rd ed., 1940), which lists the legislation by jurisdiction.

Pennsylvania designed its statute to rectify these abuses by employing a two-stage process. First, evidence of specific instances of the complainant's past sexual conduct, opinion evidence as to that conduct, and reputation evidence as to that conduct is generally inadmissible. An exception is created for "evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." 18 Pa.C.S. § 3104(a). The second stage (18 Pa.C.S. § 3104(b)) requires a defendant who seeks to introduce evidence of past sexual conduct under the consent exception in Section 3104(a) to "file a written motion and offer of proof at the time of trial" at which time the court will determine "if the motion and proof are sufficient on their faces." If so, the court will hold an *in camera* hearing and "make findings on the record as to the relevance and admissibility of the proposed evidence."

However, as we said earlier, evidence which directly contradicts the act or occurrence at issue is not barred by this statute. Such is the situation in this case. As the dissenting members of Superior Court stated:

> A difference of two hours, *in the context of the facts of this case*, does not ... render Richard's account a past act. The doctor's testimony established that Carol did in fact have sexual intercourse sometime that evening. Both Richard's and Carol's accounts include an act of sexual intercourse. Both accounts occurred generally under the same circumstances. Richard's proposed testimony was not to be used to show that Carol was inclined to consent to having intercourse at a later time, but as a rebuttal to her version of the act of intercourse and as an explanation for the existence of the sperm in her vagina.

299 Superior Ct. at 220, 445 A.2d at 533 (emphasis in original). The dissenters correctly concluded that this case involves a single event described in two differing accounts by the protagonists and the Rape Shield Law is, therefore, inapplicable.

■ We do not believe the legislature intended to prohibit relevant evidence which directly negates the act of intercourse with which a defendant is charged. Where, as here, a defendant offers evidence of intercourse close enough in time to the act with which he is charged that it is relevant to explain the presence of objective signs of intercourse, the protections afforded to the complainant by the Rape Shield Law do not apply. Such evidence should be admitted, subject to the usual rules of admissibility of evidence, in particular the balancing of probative value against prejudicial effect.

Such an interpretation is consistent with the goals of the Rape Shield Law in protecting the victim's reputation and does not deny the defendant's right to introduce relevant evidence in his own defense. Cases where consent is genuinely "at issue" are treated according to the exception set forth in the statute. However, in cases such as that which we have here, where denial of the act, not consent is at issue, evidence of consensual intercourse between defendant and complainant is limited to evidence of an act close enough in time to account for the objective signs of intercourse and is further limited to the purpose of explaining the presence of those objective signs. However, a defendant cannot engage in the wide-ranging and harassing cross examination the statute legitimately prohibits.

■ Thus, the Rape Shield Law does not preclude appellant from explaining the presence of semen and sperm in the victim's body. The act offered in explanation was not a prior "separate incident" but an alternative account of the events of that evening offered to counter the prosecution's medical testimony. For that limited purpose it was admissible. To hold otherwise would deny appellant the chance to defend by presenting a denial of the prosecution's case.

The order of Superior Court is reversed and the record remanded for a new trial.

McDERMOTT, J., files a concurring opinion.

NIX, J., concurs in the result.

LARSEN, J., files a dissenting opinion.

McDERMOTT, Justice, concurring.

Evidence of past sexual conduct, where consent is not in issue, is barred by the provisions of the Rape Shield Law. The issue in this case, as the majority holds, is an evidential question and I agree with their determination. I do not believe it necessary however, under that disposition, to affirm or refute the underlying philosophy of the Rape Shield Law. We need not address its propriety, nor here determine its ultimate fairness. It is enough, for the nonce, that it is here.

LARSEN, Justice, dissenting.

I dissent. The Rape Shield Law provides that

*Evidence of specific instances of the alleged victim's past sexual conduct,* opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct *shall not be admissible* in prosecutions under this chapter *except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue* and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a) (emphasis added).

The language of this statute is clear and unambiguous: the *only* evidence of a victim's past sexual conduct which may be admitted at trial is evidence of past sexual conduct with the defendant, *where consent of the victim is an issue.*

As the Superior Court correctly noted in this case, "What [co-defendant] Richard [Nickol] said occurred (in his proffered, but excluded, testimony) and what Carol said occurred are not the same event. They are two separate incidents, whether both, either, or neither in fact occurred." 299 Pa.Super. at 216, 445 A.2d at 531.

The only consensual intercourse which is alleged to have taken place in this case was that described in appellant's offer of proof, namely, the intercourse which allegedly occurred in a parking garage several hours before the alleged rape. However, with respect to the alleged rape for which appellant was tried, appellant *never* attempted to defend himself on the grounds that the victim had consented. In fact, as the majority itself notes, the evidence sought to be introduced by appellant was relevant only to show that the sperm which were present upon examination of the victim were the result of an earlier act of allegedly consensual intercourse, rather than of an alleged rape.

The Rape Shield Law is very clear and unquestionably needed. Yet the majority has now taken the first step to water it down and allow the evil and harm of introducing evidence of a woman's past sexual conduct to creep back into the courtroom. Since there was no issue of consent in this case *with respect to the alleged rape*, the Rape Shield Law plainly and clearly prohibits the introduction of any evidence of the victim's past sexual conduct.

I would, therefore, affirm the order of the Superior Court affirming the judgment of sentence.