487 A.2d 946
**COMMONWEALTH of Pennsylvania**

v.

**John William TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1984.

Filed Jan. 25, 1985.

Ronald L. Chicka, Greensburg, for appellant.

John W. Peck, II, Assistant District Attorney, Greensburg, for Com., appellee.

Before JOHNSON, CERCONE and HESTER, JJ.

PER CURIAM:

Appellant, John Taylor, underwent trial in February 1982 on charges of simple assault and rape. The jury could not reach a verdict and a mistrial was declared. Prior to retrial, a written motion was presented, seeking permission to introduce evidence of the rape victim's past conduct. The motion was refused, appellant was again tried before a jury and found guilty on both charges. In early 1983, he was sentenced to a term of imprisonment of two to four years on the convictions.

We have reviewed both the written motion and the notes of trial testimony. Appellant sought unsuccessfully to introduce evidence as to past consensual sexual conduct between the victim and the defendant which, when coupled with appellant's claimed reluctance to spend any time with the victim on the night in question, would suggest bias leading to the fabrication of the charges. Appellant was also prohibited from questioning the victim as to whether sperm found in the victim's cervix on the night of the alleged incident could not have been donated by the victim's boyfriend, in whose company the victim had been earlier that evening.

We conclude that appellant should have been permitted to pursue questioning along both of these lines of inquiry, in spite of 18 Pa.C.S. § 3104, the Pennsylvania Rape Shield Law.

In *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983), our supreme court held that the Rape Shield Law does not preclude a defendant from explaining the presence of semen and sperm in a victim's body as an alternative account of the events in question and as part of the defendant's right to defend by presenting a denial of the prosecution's case. More recently, our court has held that the Rape Shield Law may not be used to exclude relevant evidence showing witness' bias or attacking credibility. *Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985).

The trial court relied on our earlier case of *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980), and properly believed this case controlled thereby. We now conclude that appellant's contentions have merit and that he is entitled to a new trial consistent with *Majorana* and *Black, supra.*

Judgment of sentence is reversed and new trial granted. Jurisdiction is relinquished.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent.

I would affirm on the well-reasoned opinion of Judge Loughran of the trial court.