512 A.2d 1282

**COMMONWEALTH of Pennsylvania,**

**v.**

**William Martin CLARK, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1986.

Filed Aug. 1, 1986.

202

Keith Williams, Assistant Public Defender, Doylestown, for appellant.

Gail Fairman, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before ROWLEY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence for rape,[1] attempted rape,[2] indecent assault,[3] and simple assault.[4] Post-trial motions were filed and denied. On appeal, appellant alleges that the trial court erred in (1) admitting into evidence the hearsay testimony of a police officer, (2) refusing to allow defense counsel to elicit testimony regarding the victim's prior sexual conduct, and (3) refusing to give a submitted instruction to the jury. Finding these allegations meritless, we affirm.

In a light most favorable to the Commonwealth, the facts indicate that on July 5, 1984, appellant, upon returning from a bar, observed two young girls as they were walking home from a beach party. After driving past the girls several times, appellant parked his car, hid behind several trees, and grabbed both girls as they walked past him. After a brief struggle, the girls freed themselves and ran. Appellant eventually caught the 16-year-old victim. He threw her to the ground and choked her by twisting her blouse and necklace around her neck. Appellant next demanded that she remove her clothes and, when she refused, he took off

1. 18 Pa.C.S.A. Sec. 3121(1), (2).
2. 18 Pa.C.S.A. Sec. 901(a), Sec. 3121(1), (2).
3. 18 Pa.C.S.A.Sec. 3126(1).
4. 18 Pa.C.S.A. Sec. 2701(1).

her top and kissed her breasts. He then removed his pants and raped the victim. A police officer responding to a call made by the victim's companion apprehended the appellant after a short chase.

At trial, appellant conceded the charge of assault but denied raping the victim. A police officer testified that immediately following the incident, the victim told him that appellant penetrated her. Later, the victim became uncertain whether penetration occurred. However, at both the preliminary hearing and the trial, the victim positively asserted that appellant had penetrated her. It was deduced at trial that the victim's uncertainty was a result of her misunderstanding of the legal definition of "penetration."

## I.

Appellant argues that the trial court erred in admitting into evidence the hearsay testimony of Police Officer Compas concerning statements made by the victim about whether the appellant had physically penetrated her. We find that such evidence was properly admitted under two exceptions to the hearsay exclusion rule of evidence.

Prior declarations of a witness which are consistent with his present testimony may be entered into evidence under the prior consonant statement exception if it is alleged that the witness's present testimony has been recently fabricated. *Commonwealth v. Ravenall,* 448 Pa. 162, 292 A.2d 365 (1972). Although appellant claims no allegation of recent fabrication has been made, we have held that such allegations need not be explicit, but only that the jury be able to infer that a party is imputing a recent fabrication to the witness. *Commonwealth v. Gore,* 262 Pa.Super. 540, 396 A.2d 1302 (1978). An examination of the trial record indicates that during cross-examination of the victim, defense counsel pursued a line of questioning implying that the assistant district attorney had told the victim to testify that the appellant penetrated her, even if he had not done so. In *Keefer v. Byers,* 398 Pa. 447, 159 A.2d 477 (1960), the Supreme Court held that where complainant's testimony

was seriously attacked during cross-examination, imputing recent fabrication, the prior consonant statement exception permitted hearsay evidence to be admitted for the purpose of rehabilitating the credibility of the complainant and the veracity of his testimony. In the present case, it would be reasonable for the jury to infer that appellant was imputing a recent fabrication to the victim based on the cross-examination by defense counsel. Consequently, the trial judge properly allowed the hearsay testimony of Officer Compas into evidence.

■ Additionally, we find that Officer Compas's testimony was admissible under the "excitable utterance" exception to the hearsay rule. *Commonwealth v. Pronkoskie*, 477 Pa. 132, 383 A.2d 858 (1978) (hearsay testimony of spontaneous declarations by a person suddenly subjected to an unexpected and overpowering emotional trauma, made under circumstances which preclude reflective thought of that occurrence, is admissible). In *Commonwealth v. Pettiford*, 265 Pa.Super. 466, 402 A.2d 532 (1979), we held that hearsay testimony was properly admitted into evidence under the excitable utterance exception where the victim was subjected to a forcible rape and was in a hysterical state of mind when, 15 to 20 minutes after the rape occurred, the victim recounted its details to witnesses. The facts of the present case are strikingly similar and support the same result.

## II.

■ Appellant's second contention is that the trial court erred in prohibiting defense counsel from cross-examining Dr. Bolitho concerning statements made by the victim about a prior pregnancy.[5] The contention arises due to the vic-

5. Although appellant challenges the trial court's refusal to permit cross-examination of Dr. Bolitho, both appellee and the trial judge address the issue in terms of the trial court's refusal to permit cross-examination of the victim regarding the same evidence. While we recognize the existence of this inconsistency, we note that the issue is one involving the admissibility of certain evidence, regardless of

tim's uncertainty as to whether the appellant had penetrated her during the attack. The victim testified that she did not initially know what penetration meant until it was later explained to her by the assistant district attorney. The appellant asserts that if the victim had previously been pregnant, the jury could infer that she had sexual relations before and knew the meaning of penetration. It would then follow, argues appellant, that the victim's uncertainty as to whether penetration occurred was due to the fact that it had not occurred, thus negating a finding of rape.

We note that control over the scope and manner of cross-examination is within the discretion of the trial judge, whose decision will not be disturbed on appeal in the absence of an abuse of discretion. *Commonwealth v. Orlowski,* 332 Pa.Super. 600, 481 A.2d 952 (1984); *Commonwealth v. Bailey,* 450 Pa. 201, 299 A.2d 298 (1973) (all aspects of cross-examination such as scope, manner, and length are within sound discretion of trial court).

Appellant's analysis of this issue is flawed. The meaning of penetration when used in connection with the crime of rape has a legal and technical definition. We agree with the trial judge that it does not follow that simply because a person has engaged in sexual relations, that person understands the meaning of "penetration" as it is defined as an element of the crime of rape. The victim never asserted that she did not know what penetration meant, only that she thought penetration meant sexual intercourse. Once the victim had the legal definition of penetration explained to her, she testified that penetration did occur.

The problem resolved was one of semantics, and the proposed evidence regarding the victim's past sexual conduct became subject to protection by our Rape Shield Law.[6] The Supreme Court in *Commonwealth v. Majorana,* 503 Pa. 602, 470 A.2d 80 (1983), charged all Pennsylvania courts with balancing the probative value of relevant evidence

which witness would testify to such evidence, and we address the issue accordingly.

6. 18 Pa.C.S.A. Sec. 3104.

against its prejudicial value in rape cases.[7] In keeping with our opinion in *Commonwealth v. Black,* 337 Pa.Super. 548, 487 A.2d 396 (1985), the trial court conducted an *in camera* hearing for the purpose of determining whether the proposed evidence of the victim's prior sexual activity was relevant and admissible. The trial court concluded that evidence of prior sexual conduct was not relevant to show motive, bias, or to attack credibility, and that the prejudicial value of such evidence outweighted its probative value. The trial court also concluded that the evidence was not relevant to the issue of penetration, since the distinction between complete vaginal penetration and the lesser requirements for legally sufficient penetration had been made clear to the victim. *See Commonwealth v. Crider,* 240 Pa.Super. 403, 361 A.2d 352 (1976) (objection was properly sustained to cross-examination of prosecutrix as to her prior sexual experience, either to explore whether she knew what sexual intercourse was or to impeach general credibility). We are satisfied that the trial judge properly denied the admissibility of evidence regarding the victim's past sexual conduct based on our Rape Shield Law, and that the court did not abuse its discretion in prohibiting defense counsel from seeking such testimony.

### III.

■ Appellant's final contention is that the trial court erred in refusing to give to the jury a submitted instruction describing police officers as interested witnesses.[8] Broad

7. The Supreme Court, citing with approval *Commonwealth v. Strube,* 274 Pa.Super. 199, 418 A.2d 365, stated in *Majorana:*
   The rape shield laws are legislative recognitions of the minimal probative value of sexual history and are designed to prohibit, to varying degrees, the travesty of presenting a noisome stream of defense witnesses testifying to the sexual propensities, often sordid and sometimes fanciful, of the complaining witness.
   503 Pa. at 609, 470 A.2d at 84.

8. Appellant erroneously relies on *Commonwealth v. Van Wright,* 249 Pa.Super. 451, 378 A.2d 382 (1977), and *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959), for the proposition that the defense is entitled to jury instructions that support the defendant's theory of

discretion is vested in the trial judge in his determination of which instructions are to be given to the jury. Furthermore, the law has been clearly stated that if a legally valid requested point for charge is sufficiently and adequately covered in the trial court's instructions to the jury, it is appropriate to deny the request. *Olson v. Dietz,* 347 Pa.Super. 1, 500 A.2d 125 (1985) (citing *Bohner v. Stein,* 316 Pa.Super. 426, 463 A.2d 438 (1983)); *Elder v. Orluck,* 334 Pa.Super. 329, 483 A.2d 474 (1984). Finding that the trial judge instructed the jury on the issue of interest and bias, we are satisfied that the subject was adequately covered.

Judgment of sentence affirmed.

ROWLEY, J., concurs in the result.

the case of which there is adequate evidence. Both cases are specifically premised on the existence of an alibi defense. No such defense has been offered in the present case.