519 A.2d 433

**COMMONWEALTH of Pennsylvania**

**v.**

**Lester Roy NENNINGER, Appellant.**

Superior Court of Pennsylvania.

Argued April 22, 1986.

Filed Dec. 19, 1986.

Gary Lysaght, Lemoyne, for appellant.

Merle L. Ebert, Jr., Harrisburg, for appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

BROSKY, Judge:

■ This is an appeal from the judgment of sentence[1] entered pursuant to a jury trial in which appellant was found guilty of rape[2] and involuntary deviate sexual intercourse.[3]

1. The docket of the Superior Court lists the instant appeal as one from a judgment of sentence, while appellant's brief captions it as being from the Order denying appellant's motions in arrest of judgment and for a new trial. Because all of the issues raised were properly preserved, we will address their merits despite the irregularity of form. *See, Commonwealth v. Gumpert,* 354 Pa.Super. 595, 512 A.2d 699 (1986).

2. 18 Pa.C.S.A. § 3121. Rape.
    A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:
    (1) by forcible compulsion;
    (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
    (3) who is unconscious; or

3. See note 3 on page 448.

Four issues are presented for our review: (1) whether the trial court properly allowed the admission of impeaching evidence consisting of two of appellant's past *crimen falsi* crimes; (2) whether the trial court properly excluded evidence relating to the victim's past sexual conduct under the Rape Shield Law; (3) whether the closing remarks of the District Attorney were a proper discussion of the evidence and the reasonable inferences to be drawn therefrom; and (4) whether the mandatory sentencing guidelines relating to the instant case are constitutionally valid. Upon consideration of the trial court opinion and briefs by counsel, we affirm the decision of the trial court.

■ Appellant's first contention is that the trial court should not have permitted the prosecutor to introduce testimony of appellant's convictions for burglary in 1979 and 1982. The Pennsylvania Supreme Court, in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), held that it is within the discretion of the trial court to decide whether crimes involving dishonesty or false statement may be used in a particular case to cast doubt upon the defendant's veracity generally as a witness. In *Commonwealth v. Roots*, 482 Pa. 33, 39–40, 393 A.2d 364, 367 (1978), the Supreme Court set out the considerations governing the admissibility of prior convictions for impeachment purposes. These are: (1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; (2) the likelihood, in view of the nature and extent

(4) who is so mentally deranged or deficient that such person is incapable of consent.

3. Involuntary deviate sexual intercourse.
A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:
(1) by forcible compulsion;
(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
(3) who is unconscious;
(4) who is so mentally deranged or deficient that such person is incapable of consent; or
(5) who is less than 16 years of age.

of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; (3) the age and circumstances of the defendant; (4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and (5) the existence of alternative means of attacking the defendant's credibility. Appellant claims that the prosecution failed to satisfy points 4 and 5, because appellant had no means, other than his own testimony, to defend himself, and the Commonwealth had a strong case and numerous witnesses to testify on the victim's behalf. We disagree.

It is true that the Commonwealth had several medical personnel along with technical evidence to testify on behalf of the victim. In the instant case, though, appellant's defense rested upon the theories that the victim consented to having sexual relations with him and appellant's perception as to the victim's age, not a denial that the parties engaged in sexual relations at all. Additionally, *both* sides presented witnesses; however none was an eyewitness to the incident. Thus, we had a "one on one" situation where it became a matter of the victim's credibility versus that of the accused. Appellant brought forth witnesses to impeach the victim's credibility. Therefore, it was crucial to the Commonwealth's case to be permitted to impeach the credibility of appellant. Courts are more prone to find an abuse of discretion where the crime used for impeachment is the same crime which forms the basis for the present charge. *Commonwealth v. Claypool*, 317 Pa.Super. 320, 464 A.2d 341 (1983).

In the instant case, the prior convictions were for burglary, a crime involving dishonesty, *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), which were used to discredit appellant's veracity. They were not used to dem-

onstrate appellant's propensity to commit the crimes with which he is presently charged. To emphasize this, the trial court carefully instructed the jury to consider appellant's past record only for the purpose of assessing credibility. *Commonwealth v. Johnston*, 258 Pa.Super. 429, 392 A.2d 869 (1978). Therefore, we do not find an abuse of discretion on the part of the trial court in its permitting the use of appellant's prior burglary convictions to impeach his credibility.

Appellant's second contention is that the trial court erred in refusing the defense the opportunity to question the victim concerning statements she made which might have supported appellant's claim that he believed the victim to be over sixteen years of age. In resolving this issue, it is essential that we review the pertinent facts and testimony which have been best summarized by the trial court opinion as follows:

> The victim testified that after she and the defendant left the car and walked into the woods the defendant stated to her "I want some lovin." He grabbed her; she fought; he threatened to kill her; he forced her to perform oral sex and did not ejaculate; he forced her a second time to perform oral sex and ejaculated; he again grabbed her and threatened to kill her; she got loose and ran, tripped and her glasses fell off; he jumped on her and forced her to have oral sex a third time; he got up and vomited at which time she ran again; he tackled her and said, "I want it all and I'm going to get it;" he asked "how old are you" and she responded 15 after which he said "good cherry, I'm going to enjoy this."

> On cross examination the defendant sought to elicit a statement that the victim admits she made to him after his remark, which was "I'm not." This testimony was taken out of the presence of the jury and the court excluded it from the jury on the basis that it violated the Rape Shield Law. The victim then testified that she further struggled with the defendant and an act of sexual intercourse was forced upon her.

Appellant contends that the inference he should have been allowed to raise, had he been permitted to elicit the response "I'm not" to her testimony that he said "good cherry, I'm going to enjoy this,", is that she was not a virgin. Appellant maintains that this testimony was relevant to support what he claims was his reasonable belief that the victim was over fifteen years of age.[4]

Pennsylvania's Rape Shield Law provides:

Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence. 18 Pa.C.S.A. § 3104(a).

There have, of course, been exceptions to this rule. In *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983), the Supreme Court permitted evidence of the victim's prior sexual conduct with a person other than the defendant allegedly occurring shortly before an alleged rape, in order to negate the inference that the objective signs of intercourse were caused by a rape. In *Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985), the father of a thirteen year old victim of Statutory Rape and Incest was permitted to enter evidence of victim's sexual relations with her brother in order to show the victim's bias against her father. These are both unusual circumstances and are clearly distinguishable from the case at bar. No exception to the Rape Shield Law has ever been created to prove either consent or the accused's perception as to the

---

4. 18 Pa.C.S.A. § 3102. Mistake as to age.

Whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the actor did not know the age of the child, or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age other than 14 years, it is a defense for the actor to prove by a preponderance of the evidence that he reasonably believed the child to be above the critical age.

age of the victim. Furthermore, the victim testified that the forcible acts of oral intercourse took place *before* the statements were made; however, the defense of mistake as to age is only available as to the charge of involuntary deviate sexual intercourse, which had already occurred. Additionally, the victim testified that she *told* appellant that she was 15 years old, to which appellant responded, "Good cherry, I'm going to enjoy this." Appellant's response would appear to have had little to do with the victim's age as opposed to her virginity. Thus, we agree with the trial court that further exploration of this matter was properly barred by the Rape Shield Law.

■ Appellant next contends that his counsel's exceptions to the closing remarks of the district attorney were improperly dismissed by the trial court. We disagree. Appellant first objects to the prosecutor's suggestion to the jury that appellant's only defense was that of consent because he was aware of the medical reports indicating the physical evidence of the type of sexual contact described by the victim. According to appellant, these remarks imply that appellant fabricated the story to explain the evidence. The central issue in this case is whether there was consent to the acts which took place and whose version is correct. Thus, it is reasonable for each side to imply prevarication on the part of the other.

■ Appellant's second objection concerns the prosecutor's reiterating the comment "good cherry, I'm going to enjoy this," as implying that the victim was a virgin. The statement was already admitted into evidence and, as discussed earlier, could not be used to comment upon the victim's prior sexual conduct under the Rape Shield Law. Therefore, the trial court was correct in permitting the district attorney to repeat the comment as evidence of the forcible nature of the acts.

■ Appellant's final objection to the prosecutor's closing remarks concerns the district attorney admitting into evidence the victim's clothing, and commenting that there was mud on the victim's socks, despite the lack of expert

testimony on the subject. We agree with the trial court that there was no need for expert testimony as to this matter, which was clearly within the common knowledge of the jury. The justification for dismissing all three of the exceptions above can be found in the decisional law of the Commonwealth. The courts have held that a prosecutor may make remarks on the evidence presented to a jury which point out any legitimate inference which may be drawn from that evidence. *Commonwealth v. Tucker,* 461 Pa. 191, 335 A.2d 704 (1975); *Commonwealth v. Frazier,* 331 Pa.Super. 128, 480 A.2d 276 (1984). As previously noted, we find that the prosecutor's remarks suggest reasonable inferences to be drawn from the evidence. Therefore, we agree with the decision of the trial court to dismiss appellant's exceptions.

■ Finally, we come to appellant's claim of unconstitutionality with regard to the mandatory sentencing provisions. The trial court did not consider this issue because, at the time the trial court opinion was written, appellant had not yet been sentenced. Since then, sentencing has taken place and we are satisfied that this issue has been properly preserved for appeal. The Supreme Court of Pennsylvania has considered and affirmed the constitutionality of mandatory sentencing as regards the Doctrine of Separation of Powers and Procedural Due Process in the case of *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985). There, the court stated "[i]t is the providence of the Legislature to determine the punishment imposable for criminal conduct." *Id.,* 508 Pa. at 40, 494 A.2d at 361. Thus, we find appellant's contention to be without merit.

■ Appellant claims that his sentence of 5½ to 12 years in prison constitutes cruel and unusual punishment. Under 42 Pa.C.S.A. § 9718 (a) there is a five year mandatory minimum sentence for rape. Absent the mandatory minimum sentence, the Pennsylvania Sentencing Guidelines call for a minimum sentence of 6½ to 8½ years based upon appellant's rape conviction and prior record score. Thus,

there is no merit to appellant's claim of cruel and unusual punishment.

Based upon the reasoning set forth above, we affirm the decision of the trial court.

Judgment of sentence affirmed.