617 A.2d 5

**COMMONWEALTH of Pennsylvania**

v.

**Ronald SANDERS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1992.

Filed Nov. 25, 1992.

Dean R. Phillips, Philadelphia, for appellant.

Anthony Pomeranz, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a judgment of sentence for rape [1] and corruption of a minor.[2] Appellant raises the following issue on appeal:

Did the trial court erroneously preclude the defendant from ascertaining information concerning the alleged victim's prior sexual conduct within the context of this case?

Appellant's Brief at 2. For the following reasons we affirm.

In March of 1991 appellant was arrested and charged with rape and corruption of a minor. These charges arose out of allegations that appellant forcibly raped a fifteen year old female neighbor of his on March 9, 1991. Appellant was convicted of both charges. Post-trial motions were filed and denied. Appellant was then sentenced to imprisonment for a term of not less than five nor more than ten years on the charge of rape, and to a concurrent term of incarceration of twelve months to twenty-four months on the corruption of minors charge. This timely appeal followed.

Appellant claims on appeal that the trial court erred in precluding appellant from questioning the Commonwealth's expert medical witness and the complainant in the case on whether complainant had sexual intercourse before her alleged rape by appellant.[3] The Pennsylvania Rape Shield Statute, 18 Pa.C.S.A. § 3104, provides, in pertinent part:

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 6301.

3. The Commonwealth contends that appellant has waived consideration of this claim. It argues that "[i]n his written post-verdict motions, defendant did not raise the argument that the proposed questioning of the victim concerning her prior sexual conduct was to explain physical findings consistent with her 'non-virginal status,' as he now argues. Instead, defendant argued there that had he been allowed such questioning, he 'could have demonstrated the alleged victim's motive for lying in naming Ronald Sanders as the perpetrator of a rape'." Commonwealth's Brief at 6. After reviewing the defendant's post-verdict motions, we find that the post verdict motions encompassed the subject of the present appeal. Hence, we will consider the merits of appellant's contention of trial court error.

**(a) General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct, shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

*Id.*

The purpose of this law, is "to prevent establishment of an unwarranted nexus between the victim's reputation for chastity and her veracity." *Commonwealth v. Johnson,* 389 Pa.Super. 184, 188–89, 566 A.2d 1197, 1199 (1989), *appeal granted,* 525 Pa. 643, 581 A.2d 569 (1990). The history of rape shield laws was ably summarized in *Commonwealth v. Nieves,* 399 Pa.Super. 277, 582 A.2d 341 (1990), *appeal denied,* 529 Pa. 633, 600 A.2d 952 (1991), as follows:

At common law evidence of a female rape complainant's general reputation for morality and chastity was deemed admissible on the issue of consent. The result of this common law rule was notorious abuse of victim witnesses by aggressive defense counsel who essentially put the victim on trial. In response to such unjustifiable abuses, the federal government and states enacted statutes known as Rape Shield laws. Rape Shield laws were intended to end the abuses fostered by the common law rule by limiting the harassing and embarrassing inquiries of defense counsel into irrelevant prior sexual conduct of sexual assault complainants.

399 Pa.Super. at 286, 582 A.2d at 347.

However, this court, along with the Supreme Court, has carved out narrow exceptions to the Rape Shield Act's prohibition against the admissibility of evidence of prior sexual conduct of the complainant in sex offense cases. The elements required to meet an exception to the Rape Shield Law were delineated by this court in *Commonwealth v. Wall,* 413 Pa.Super. 599, 606 A.2d 449 (1992). We stated therein that:

The process begins with the defendant submitting a specific proffer to the court of exactly what evidence he or she seeks to admit and precisely why it is relevant to the defense (citations omitted).... Where the proffer is sufficiently specific, the court must then undertake a three part analysis of the substance of the proffer. At the trial level, the court must conduct an in camera hearing at which they must determine: 1) whether the proffered evidence is relevant to the defense at trial; 2) whether the proffered evidence is cumulative of evidence otherwise admissible at trial; and 3) whether the proffered evidence is more probative than prejudicial (citations omitted). On appeal, such evidentiary rulings must be offered due deference and overturned only where there has been an abuse of discretion.

*Id.*, at 614, 606 A.2d at 457.

In the instant case appellant failed to meet the requirements of specificity, and noncumulitiveness, of the evidence offered. Appellant sought to question the complainant and the expert medical witness who testified on behalf of the Commonwealth, in regard to the complainant's past sexual conduct. From this questioning appellant sought to determine whether the complainant was a virgin prior to her alleged rape by appellant.

The specificity of appellant's proffer of evidence was unsatisfactory, as appellant's own brief makes clear: "[T]here was never an attempt or proffer of an attempt to determine specific acts of intercourse or of sexual relations. The defense neither sought to find out times nor identities of persons involved in prior sex." Appellant's Brief at 9. The trial court correctly noted in reference to the specificity of the proffer offered by appellant, that: "He [appellant] was clearly on a fishing expedition, without any certainty of what he would find. This court ruled and continues to hold that the Rape Shield Law prohibits such questioning, in the absence of something more than speculation." Opinion, April 3, 1992 at 5. As we have previously stated, "[w]here the proffer is but vague and conjectural, evidence of the victim's past sexual conduct will be excluded and no further inquiry need be

entertained." *Commonwealth v. Wall,* 413 Pa.Super. 599, 614, 606 A.2d 449, 457 (1992) (citing *Commonwealth v. Troy,* 381 Pa.Super. 326, 335, 553 A.2d 992, 996–97 (1989), *appeal denied,* 525 Pa. 626, 578 A.2d 413 (1990)).

█ In addition, even if appellant's proffer had been sufficiently specific, appellant failed to meet the requirement that evidence concerning past sexual conduct of the complainant in a rape case be noncumulative of evidence otherwise admissible at trial.[4] In *Commonwealth v. Lyons,* 364 Pa.Super. 620, 528 A.2d 975 (1987), this court allowed evidence of past sexual activity to be introduced to explain objective signs of intercourse. In *Lyons,* the Commonwealth introduced the blood stained panties of the twelve year old alleged statutory rape victim, to demonstrate that intercourse had taken place. The court allowed the defendant to introduce evidence concerning intercourse with a third party occurring either the day before or the day after the alleged rape. The court stated its reasoning as follows: "Since the only theory presented to explain the blood was intercourse with the defendant, he was seriously prejudiced when he was precluded from showing there was a plausible, contemporaneous alternate explanation for that evidence by way of intercourse the day before or after." *Id.* at 625, 528 A.2d at 978.

In the present case, however, the jury was presented with ample alternative explanations for the lack of an intact hymen

4. Appellant contends that in the instant case, the presence or absence of an intact hymen on the part of the complainant is an objective sign of intercourse, and as the testimony of the Commonwealth's medical expert brought out the fact that the complainants hymen was not intact, appellant should be permitted to elicit testimony concerning complainant's past sexual conduct which would show an alternative explanation for this condition other than appellant's rape of the complainant. *See* Appellant's brief at 7–9. We will first accept arguendo that this evidence meets the standard of relevance annunciated by the Supreme Court of Pennsylvania in *Commonwealth v. Majorana,* 503 Pa. 602, 470 A.2d 80 (1983). In *Majorana,* the Court stated that the Pennsylvania Rape Shield Law "does not bar the admission of evidence . . . which is directly relevant to negate the act with which the defendant is charged. Evidence of acts of intercourse, which show that they, and not a rape, caused the objective signs of intercourse is relevant." *Id.* at 605, 470 A.2d at 81. The objective sign of intercourse in *Majorana* was the presence of semen in the victim's vagina. *Id.* at 606, 470 A.2d at 83.

on the part of the complainant. On both direct and cross-examination the expert medical witness for the Commonwealth testified to the fact that the hymen can be broken in a variety of non-sexual ways. N.T. 10/15/91 at 83, 92. Additionally, the expert witness testified on both direct and cross-examination that he could not conclude whether the complainant had ever had sexual intercourse. *Id.* at 85, 103. Therefore any evidence offered by the defense as to past sexual conduct on the part of the complainant to explain the lack of the complainant's possessing an intact hymen would be merely cumulative. Consequently, we find that the trial court did not err when it excluded evidence of prior sexual experience of the complainant. Accordingly we affirm the judgment of sentence.

Affirmed.