J-S15012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD RODRIGUEZ | |
| Appellant | No. 1113 MDA 2014 |

Appeal from the Judgment of Sentence June 11, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000368-2013

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                      **FILED JUNE 05, 2015**

Richard Rodriguez appeals from the judgment of sentence entered in the Court of Common Pleas of Lebanon County following his convictions for Sexual Assault, Aggravated Indecent Assault Without Consent of Other, and Indecent Assault Without Consent of Other.  After careful review, we affirm. The trial court set forth the factual history as follows.

> [Rodriguez] was charged with two counts of Sexual Assault,[1] one count of Aggravated Indecent Assault Without Consent,[2] and one count of Indecent Assault Without Consent of Other,[3] for an incident which occurred on June 24, 2011 in the apartment of the victim, B.W.  After discovery was provided by the Commonwealth, [Rodriguez] filed a Motion to Compel additional

---

[1] 18 Pa.C.S.A. § 3124.1.

[2] 18 Pa.C.S.A. § 3125(a)(1).

[3] 18 Pa.C.S.A. § 3126(a)(1).

discovery regarding a notation by Detective Keith Uhrich of the Lebanon City Police, which referenced two previous allegations of rape against other individuals by B.W.: "I investigated two previous rapes reported by [B.W.] and I knew her to be mentally retarded." When [Rodriguez] requested Detective Uhrich's complete investigative file regarding those allegations, the Commonwealth denied the request on the basis of irrelevancy. [Rodriguez] subsequently filed a Motion to Compel the Commonwealth to provide that information. By Order of September 6, 2013, we denied the Motion to Compel and the matter proceeded to a jury trial which was conducted on January 7, 2014.

The testimony at the jury trial revealed that at the time of the incident, [Rodriguez] was employed as a cable repairman. He had gone to B.W.'s apartment the day prior to the incident as B.W. had arranged a service call with [Rodriguez]'s employer. [Rodriguez] was unable to correct the problem that day, but offered to return to make the repairs the next day. He returned the next day, June 24, 2011, at around noon. He and B.W. were in the bedroom where the television was located. B.W. testified that [Rodriguez] started jumping on her, pulled down her pants, touched and sucked her breasts, and penetrated her vagina with his finger and his penis. After he pulled his penis from her vagina, he masturbated and ejaculated on her stomach and wiped his semen on a towel. She testified that the entire episode had taken approximately one hour.

During the trial, Detective Uhrich testified that he had gone to B.W.'s apartment and located a towel with semen. When Detective Uhrich initially questioned [Rodriguez], he denied having had any sexual contact with B.W. When told of the presence of semen on the towel, [Rodriguez] explained that he had wiped his sweat on it and stated that if the semen was his, he did not know how it got there. He spoke of having a possible lapse of memory and asked whether he could press charges if something had happened to him.

Subsequent to the initial interview, [Rodriguez] called Detective Uhrich, admitted that he had not been truthful, and indicated that he was stressed and wanted to get things straightened out. [Rodriguez] explained that B.W. had manually stimulated his penis while the two were on her bed, and that he may have passed out during the episode, but that he was not sure. He

denied having committed a sexual assault on her and complained that he did not want to lose his job or family.

This conversation between Detective Uhrich and [Rodriguez] was recorded. Prior to trial, the Commonwealth submitted a motion in limine seeking permission to play the audio recording of the interview to the jury. Due to issues with the quality of the audio recording, we denied the Motion in Limine, but permitted Detective Uhrich to read the transcript of the recording to the jury. The defense objected to the use or reading of the transcript on the basis that a minute and nine seconds of the conversation was lost as it had not been recorded.

[Rodriguez] testified that while he worked on B.W.'s television, B.W. sat on the bed and flirted with him. After she began rubbing his body, he sat down on the bed and she unbuckled his pants and pulled down his zipper. He explained that he "just let it happen." He claimed that she manually stimulated his penis until he ejaculated, but that he had no other physical contact with her and that he did not act out sexually on her. He admitted that he could only recall bits and pieces and that the details of the incident were a little blurry as the heat, the confined area and the time affected his memory. However, he insisted that B.W. initiated the act and that he had wanted to press charges against her.

[Rodriguez] was found guilty of all charges and was sentenced on June 11, 2014 [to three to ten years' incarceration at a state facility].

Trial Court Opinion, 9/5/14, at 1-4 [citations to record omitted].

On July 8, 2014, Rodriguez filed a timely notice of appeal. On July 14, 2014, he filed his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its Rule 1925(a) opinion on September 5, 2014.

On appeal, Rodriguez presents the following issue for our review:

Whether the trial court improperly denied defense counsel's motion to compel discovery of previous allegations of rape [made] by [the] victim, and therefore deprived appellant of [probative] evidence.

Appellant's Brief, at 2.

The trial court's order denying a motion to compel discovery is reviewed under the abuse of discretion standard.

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) [citation omitted]. .

Rodriguez argues that the trial court erred by denying his motion to compel discovery as to Detective Uhrich's investigative reports regarding B.W.'s past sexual assault accusations. He argues that had defense counsel been able to see the requested records, it "could have made for a compelling argument that the victim, B.W., has a mental health concern that prohibits her from understanding the nature of sexual conduct." Appellant's Brief, at 5. The trial court relied on the Rape Shield Law, stating that "[a]ny prior allegation of rape against another individual was irrelevant to this matter[.]" Trial Court Opinion, ***supra*** at 5.

Our inquiry must begin with an analysis of the Pennsylvania Rape Shield Law, which states, in pertinent part:

**§ 3104. Evidence of victim's sexual conduct**

**(a) General rule** – Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).

We must consider the statute in conjunction with its purpose and the holding of *Commonwealth v. Johnson*, 638 A.2d 940 (Pa. 1994). The purpose of the Rape Shield Law is "to prevent a sexual assault trial from denigrating into an attack upon the victim's reputation for chastity", *Id*. at 942, citing *Commonwealth v. Majorana*, 470 A.2d 80 (Pa. 1983), and to "prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim ... [and] to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009).

In *Johnson*, our Supreme Court considered the application of the Rape Shield Law to the admissibility of prior accusations of sexual assault. There, a mentally handicapped child accused Johnson of sexually assaulting her. *Johnson*, 638 A.2d at 941. At trial, Johnson attempted to introduce evidence that several years earlier, the victim had complained to a friend that another male (one of the Commonwealth's witnesses) had sexually

harassed her, and that she was now afraid of him. Johnson intended to offer this evidence of past accusations both to attack the credibility of the victim, and to suggest that he had been falsely accused. *Id.* Ultimately, the Court found that although the Rape Shield Law did not bar this sort of testimony, the traditional rules of evidence still applied. The Court concluded the proffered testimony was not relevant and therefore inadmissible. *Id.* at 943.

Here, Rodriguez argues he was wrongly denied the opportunity to present evidence in support of his theory that B.W. was mentally ill, had previously accused others of sexual assault, and might not understand the "nature of sexual conduct." Appellant's Brief, at 5. Rodriguez also argues that the appellant in *Johnson* attempted to advance a similar argument to cast doubt on the credibility of the victim. On that point, the Supreme Court stated: "Appellant argues that the testimony is material as it concerns the credibility of [the victim]. However, a witness may not be contradicted upon a collateral matter. A collateral matter is one which has no relationship to the matter on trial. The proffered testimony does not bear upon a matter in issue in this case." *Id.* at 942-43 (citations omitted). *See Commonwealth v. Fink*, 791 A.2d 1235 (Pa. Super. 2002). Thus, the Court found that past accusations against third parties are collateral; they do not bear on the ultimate question, which was whether the defendant sexually assaulted the victim. We find this reasoning applies here, and bars the admission of Detective Uhrich's report as irrelevant.

Even if we assume, *arguendo*, that **Johnson** does not apply, and the evidence in question is relevant, Rodriguez has failed to show, in his one page argument, that the evidence would be otherwise admissible. We have previously faced this question, concluding:

> While we hold that Pennsylvania's Rape Shield Law may not be used to exclude relevant evidence showing witness' bias or attacking credibility, we do not hold that all material evidence is necessarily admissible. Although logically relevant, evidence tending to show the victim's prejudice or lack of credibility may be excluded if it would so inflame the minds of the jurors that its probative value is outweighed by unfair prejudice.

**Commonwealth v. Black**, 487 A.2d 396, 401 (Pa. Super. 1985); **see also** Pa.R.E. Rule 403 (court must balance probative value of evidence against possibility of unfair prejudice).

Here, the trial court granted *in camera* review of the evidence, but did not find that the probative value outweighed the potential prejudice. Trial Court Opinion, **supra**, at 6-7. In fact, the court found the evidence had no probative value at all because the fact that Detective Uhrich had prior contact with the victim and knew that she was mentally challenged "was immaterial to issues regarding [her] report of the sexual assault alleged to have been perpetrated by [Rodriguez]." Trial Court Opinion, at 7. The court also reasoned that the reports contained nothing exculpatory to Rodriguez and provided no grounds to attack the victim's credibility. **Id**. The court was well within its discretion to make such a finding. Further, on appeal, Rodriguez failed to present argument as to why the court's application of this

balancing test constituted an abuse of discretion. Rodriguez argues, and we agree, that under **Johnson**, the Rape Shield Law does not apply to bar evidence of past accusations of sexual assault. He fails to recognize, however, that even if the Rape Shield Law does not apply to bar the evidence, the traditional rules of evidence apply. **Johnson**, 638 A.2d at 942.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015