392 A.2d 698

**COMMONWEALTH of Pennsylvania**

v.

**Howard L. COBB, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Oct. 20, 1978.

Frederic G. Antoun, Jr., Assistant Public Defender, Harrisburg, for appellant.

LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This is an appeal from the judgment of sentence imposed following appellant's conviction of robbery[1] and simple assault.[2] Appellant contends, *inter alia*, that the trial court erred in permitting the Commonwealth to introduce appellant's prior convictions for impeachment purposes.[3] We agree and reverse.

The incident giving rise to the charges took place in Harrisburg on December 30, 1974. At that time an undercover narcotics agent, Frank Brinser, was driving around Harrisburg attempting to make buys of controlled substances. Outside of the "Three Lucky Dots" bar, a contact was made with one Michael Johnston. Johnston and Brinser entered the bar where Brinser was to purchase drugs from one Jeffrey Clark. Brinser and Johnston proceeded back to the restroom, where Clark was to join them. At this point the testimony is conflicting, but the Commonwealth's evidence showed the following sequence of events. After Clark, Johnston, and Brinser all met in the restroom, Johnston left. Appellant then entered the room and confronted Brinser. Clark remained in the rear of the room. Appellant allegedly demanded money from Brinser. Appellant grabbed $150 from Brinser and began hitting Brinser in the face. Brinser stated that he could see two men blocking the exit from the restroom. He also testified that as the severe beating continued with blows to his head, he feared for his life. He then pulled a revolver and shot Appellant Cobb twice in the midsection at point blank range, thus terminating the confrontation.

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3701 (1973).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2701 (1973).

3. The convictions were for aggravated robbery and criminal trespass Appellant did not address the question of whether or not criminal trespass is a crime involving *crimen falsi*. Since we reverse on the prior conviction issue, we need not address the other issues raised by appellant.

As a result of this incident, Clark and Johnston were tried together and convicted of robbery, aggravated assault, and conspiracy. Appellant was tried separately.

Appellant took the stand in his own behalf and presented a report of the incident which differed significantly from that of Officer Brinser. In rebuttal, the Commonwealth was permitted, over objection, to introduce the prior convictions in order to impeach appellant's credibility. This constituted error.

The determination of whether or not to permit impeachment in this manner rests within the sound discretion of the trial court. *Commonwealth v. Smith*, 240 Pa.Super. 212, 361 A.2d 862 (1976). Guidelines for the exercise of that discretion are laid out in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). A threshold determination must be made with respect to whether or not the prior conviction was for a crime involving dishonesty or false statement. If it does, the trial judge should then consider the following factors as enunciated by the Supreme Court in *Bighum* :

> "the age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. *This last factor is of critical importance. Where the defendant has no other means by which to defend himself, it would be particularly unjust to subject him to the introduction of prior convictions.*" *Id.*, 452 Pa. at 567, 307 A.2d at 263 (emphasis added) (citation omitted).

We have since reiterated the position that the most important factors to be weighed are the potential prejudice of introducing the convictions and the necessity of the defendant taking the stand in order to defend himself. *Commonwealth v. Flores*, 247 Pa.Super. 140, 371 A.2d 1366 (1977). *See also Commonwealth v. Sampson*, 250 Pa.Super. 157, 378 A.2d 874 (1977).

It is difficult to discern from the record whether or not the lower court took into consideration all of the factors set forth in *Commonwealth v. Bighum,* supra. Assuming *arguendo* that the court did consider all such factors, we are convinced that to permit introduction of the prior convictions constituted an abuse of discretion. Appellant called a total of four witnesses other than himself. One of those was his father, whose testimony was limited to the physical characteristics and dimensions of the "Three Lucky Dots" bar. Two of those witnesses briefly testified concerning collateral matters not dealing with appellant's substantive defense. The fourth witness was Officer Brinser, called by the defense because the trial court had refused to permit appellant's trial counsel to get into certain areas while cross-examining Brinser. The only manner in which appellant could have presented a defense, other than by taking the stand, would have been by calling Johnston and Clark to the stand. Appellant attempted to do this, but Johnston and Clark, already convicted in a separate trial, refused to testify at appellant's trial. Johnston and Clark had testified in their own behalf at their trial, however, and the trial court permitted appellant's counsel to read into the record the transcribed notes of their testimony. Although this testimony was generally corroborative of appellant's version of the facts, the lower court permitted Johnston's and Clark's transcribed testimony to be impeached by letting the jury know that those two had been convicted in the very trial from which their testimony was taken.

Permitting the testimony of the two convicted felons to be read into the record did not present appellant with an alternative means of presenting a defense. To hold otherwise would ignore the fact that the jury would more likely be swayed by testimony of a live witness than by testimony read into the record. This coupled with the fact that Johnston's and Clark's convictions were made known to the jury leads us to conclude that their testimony, at best, was of highly questionable value standing alone.

Realistically speaking, appellant had no choice but to take the stand in his own behalf. In such a situation, as noted

earlier, "[I]t would be particularly unjust to subject him to the introduction of prior convictions." *Commonwealth v. Bighum,* supra 452 Pa. at 567, 307 A.2d at 263. *See Commonwealth v. Sampson,* 250 Pa.Super. 157, 378 A.2d 874 (1977).

Judgment of sentence reversed and case remanded for a new trial.

VAN der VOORT, J., files a dissenting opinion in which PRICE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge:

Appellant files the instant direct appeal following his conviction, the denial of post trial motions, and sentencing on charges of assault and robbery. Several allegations of error are raised on appeal.

First, appellant maintains that the trial court improperly allowed the Commonwealth to introduce evidence of the appellant's past convictions to the jury in efforts to impeach his credibility as a witness. The convictions in question were for aggravated robbery, four years prior to the trial in the instant case, and criminal trespass one month prior to the trial. It is well established that the credibility of a criminal defendant who testifies in his own behalf can be impeached by evidence of prior convictions. Act of March 15, 1911, P.L. 20, § 1, 19 P.S. § 711. Such convictions must have been for crimes which involved dishonesty or false statement. *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). The two prior convictions in the instant case appear to fall into that category. There can be no dispute that aggravated robbery is a crime involving dishonesty. As to the criminal trespass conviction, the record indicates that appellant was convicted of that part of the criminal trespass statute which classifies the offense as a second degree felony. The statute, (Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3503), in pertinent part, provides:

"A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or gains entrance by subterfuge or surreptitiously remains in any building or occupied structure, or separately secured or occupied portion thereof"

In my view, the conviction for either entry by "subterfuge" or "surreptitious" entry clearly implies dishonest conduct by the defendant, such as to make a conviction under the statute proper evidence to impeach the credibility of the individual in later trials.

Appellant, in reliance upon *Commonwealth v. Bighum, supra,* raises a plethora of other arguments against the lower court decision allowing the Commonwealth to introduce the prior convictions to impeach appellant's credibility. It is the appellant's burden to demonstrate an abuse of discretion by the trial court in these circumstances. *Commonwealth v. Bighum, supra.* This he has failed to do. It has not been shown that the lower court failed to consider the possible prejudice to the defendant, the impact of the evidence, the age and nature of the prior crimes, the length of the record and other means available to the defendant to defend himself if he does not testify. The Commonwealth produced adequate evidence that appellant was the same person who had committed the prior crimes and the court gave the jury appropriate cautionary instructions regarding the consideration of such prior convictions for purposes of credibility alone. In light of all of these circumstances, I find no abuse of discretion in the lower court's decision to allow the jury to hear evidence of appellant's prior convictions for aggravated robbery and criminal trespass, for purposes of impeachment at trial.

The appellant next contends that the trial judge erred in limiting defense counsel in his cross-examination of one of the Commonwealth's witnesses. Frank Brinser, the witness in question, was an undercover police officer who was violently attacked by the appellant during an incident when the officer visited a tavern to set up a narcotics purchase and the appellant forcibly took some money and tried to steal

other funds from the officer. The record shows that defense counsel had engaged in approximately twenty (20) minutes of cross-examination of this witness, and had, during this time period, asked numerous irrelevant questions and many repetitive questions. After a series of valid relevancy objections to defense questions by the Commonwealth, the trial judge called counsel to a side bar conference. The court stated that defense counsel's questions were getting repetitive and that irrelevant matters were being sought in cross-examination. The trial judge stated that he would allow the defense attorney a total of forty-five (45) minutes more to complete cross-examination. During the course of the ensuing examination, the attorney for the Commonwealth objected to many questions on grounds of relevancy. On each occasion the trial judge overruled the objection, stating that defense counsel would be free to inquire into anything he thought pertinent during the time period he had been permitted for questioning. During such exchanges, the court reminded defense counsel of the passage of time and suggested he ought not to waste time on irrelevant matters. Finally, after over an hour and a quarter of cross-examination, and in accordance with its earlier pronouncement, the court halted further cross-examination.

It has often been held that the scope and limits of cross-examination are largely within the discretion of the trial court and will not be reversed in the absence of a clear abuse thereof or an error of law. See *Commonwealth v. Marker*, 231 Pa.Super. 471, 331 A.2d 883 (1974). In the present case, in view of counsel's repetitious questioning of the witness, about irrelevant matters, I find no abuse of that discretion. I deem it noteworthy, in reaching this finding, that while defense counsel preserved the issue of the time limitation on cross-examination by objection at the time that the limitation was announced by the court, no indication was made by counsel at the termination of cross-examination of any further questions or areas of interrogation which counsel may have wished to pursue, but for the court's limitation. Moreover, on appeal, no other area of questioning is suggested which might have been foreclosed by the court's time limit.

Thus, I can discern no prejudice to the appellant resulting from the court's action with respect to cross-examination of the witness, Brinser.

Appellant's third claim is that the trial court erred in refusing a motion for mistrial based upon an allegedly improper and prejudicial comment by the prosecuting attorney. During the trial, the defense had the recorded testimony of two individuals read to the jury. Such testimony had been elicited during the trial of those individuals on charges arising out of the same criminal episode which caused appellant to be tried in the instant case. The Commonwealth then introduced the convictions of the two individuals in order to impeach the credibility of their statements. The Commonwealth specifically instructed the witness, testifying about such convictions, not to indicate what sentence was imposed upon the individuals. On cross-examination of such witness, defense counsel specifically inquired as to the sentences of the individuals.

The Commonwealth objected, and in response, defense counsel stated: "I don't believe in telling the jury half a story and feeding a starving man half a loaf." Later, the Commonwealth, through a witness, introduced the fact, for impeachment purposes, that appellant had been convicted of aggravated robbery. When the Commonwealth's attorney instructed the witness not to reveal the sentence, defense counsel interrupted and again asked about the length of appellant's sentence. On cross-examination of this witness, defense counsel inquired, at length, about the sentence the appellant received for his earlier aggravated robbery conviction, and the sentences received by his partners in crime as a result of convictions and sentencing at their earlier trial.

Immediately thereafter, the Commonwealth asked the same witness for information concerning appellant's conviction for criminal trespass. The Commonwealth, in eliciting answers, questioned the witness as to appellant's sentence. There was an immediate objection by defense counsel. The following colloquy ensued:

DISTRICT ATTORNEY: [Defense Counsel] has asked for the sentence in all of the other cases and he doesn't—

DEFENSE COUNSEL: This is different, I object this time.

DISTRICT ATTORNEY: This one hurts him, Your Honor.

Defense counsel immediately protested the last comment of the prosecuting attorney and moved for a mistrial. The court denied the motion but then complied with a defense request to instruct the jury. Such instructions included an admonition to not consider the length of the sentences on prior conviction for any reason.

I cannot conclude that a new trial is required because the mildly objectionable remark by the prosecuting attorney, especially in view of the prior conduct of defense counsel, and the instructions of the trial judge to the jury. As in *Commonwealth v. Wiggins*, 239 Pa.Super. 256, 361 A.2d 750 (1976), the comment in question in the instant case could not possibly be said to have been so prejudicial that it caused the jurors to fix in their minds such bias and hostility towards appellant so as to interfere with their rendering of a fair verdict. See also *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975).

The next contention of appellant is that reversal is required because the lower court refused his motion to exclude a juror for cause. The record shows that defense counsel, at the beginning of the second day of trial, stated to the court, at side bar, that a juror had shaken his head a number of times when defense counsel had delivered his opening address on the first day of trial. At the time of this incident, defense counsel, upon noticing such movements had asked if the juror was uncomfortable. The juror replied that he had not shaken his head. No further comment was made by defense counsel about the incident throughout the entire first day of trial, but on the morning of the second day of trial, defense counsel entered his challenge to the juror for cause.

It is within the trial judge's discretion to pass upon challenges for cause, and a reversal is not justified unless there is a palpable abuse of discretion by the lower court.

*Commonwealth v. Bighum, supra.* The trial court indicated it denied the challenge for the reason that the judge had been watching the jury at the time of opening statements and observed no activity which would support the defense motion. I cannot find an abuse of discretion in these circumstances. Also, I note that counsel's delay in raising a challenge until after a full day of trial lends additional support to the trial judge's decision not to grant the challenge for cause.

Last, appellant attacks the sufficiency of the evidence. There is plainly no merit to this argument. The jury obviously credited the testimony of the victim that the appellant had severely beat him in order to take his funds. The serious nature of the injuries was testified to by the physician who performed surgery on the victim after the beating. There can be no doubt about the adequacy of the identification of appellant as the actor in the crime, as the victim only ended the assault by shooting his attacker, and appellant's wounds, suffered in such shooting, clearly indicated his involvement. I find the evidence was ample to support appellant's convictions on charges of both robbery and simple assault.

I would affirm the judgment of sentence.

PRICE, J., joins in this dissenting opinion.