535 A.2d 189

**COMMONWEALTH of Pennsylvania**

v.

**Robert GAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1987.

Filed Jan. 4, 1988.

John Packer, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com.

Before CIRILLO, President Judge, and WIEAND and WATKINS, JJ.

WIEAND, Judge:

Robert Gay was tried by jury and was found guilty of aggravated assault, recklessly endangering another person, possession of an instrument of crime, and carrying a firearm without a license on a public street as a result of a nonfatal shooting during a group altercation at a carnival in West Philadelphia. Alice Brown, who was injured, was running away from the altercation at the time of the shooting and did not know who in the crowd had drawn a gun and shot her. Trevor Frisby and Keith Warren identified Gay as the person who had fired the gun. At trial, the defense offered to show that Frisby and Warren, who were friends, were both on juvenile probation. The purpose of this evidence was to show a motive for their testifying on behalf of the Commonwealth and minimizing their own involvement in the fracas. The trial court sustained prosecution objections and disallowed such evidence. On direct appeal, Gay contends that this was error. We are constrained to agree. Therefore, we reverse and remand for a new trial.

As a general rule, a witness in a criminal trial may not be impeached by a showing that he has a juvenile record. *Commonwealth v. Upchurch*, 355 Pa.Super. 425, 434, 513 A.2d 995, 999 (1986). See also: 42 Pa.C.S. § 6354(b). However, in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court of the United States

held that the Sixth Amendment right of confrontation requires that a defendant be allowed to impeach the credibility of a prosecution witness by cross-examination directed at possible bias derived from the witness's probationary status as a juvenile. Pennsylvania has followed the holding in *Davis v. Alaska, supra.* Most recently, the Supreme Court of Pennsylvania articulated the rule to be followed in this Commonwealth in *Commonwealth v. Evans,* 511 Pa. 214, 512 A.2d 626 (1986), as follows:

> [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.
>
> The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case.

*Id.,* 511 Pa. at 224–225, 512 A.2d at 631–632 (footnote omitted). However, the possibility of motive or bias must be more than mere speculation. *Commonwealth v. Mines,* 321 Pa.Super. 529, 533, 468 A.2d 1115, 1117 (1983). There must be a logical connection between the facts to be proven and the inference to be drawn from the facts. *Commonwealth v. Case,* 322 Pa.Super. 24, 31–32, 469 A.2d 162, 165–166 (1984); *Commonwealth v. Bryner,* 351 Pa.Super.

196, 198, 505 A.2d 335, 336 (1986). In *Commonwealth v. Erie*, 361 Pa.Super. 44, 521 A.2d 464 (1987), the defense to a charge of rape was consent. The defense attempted to introduce a juvenile order showing that the complainant, who had been adjudged a dependent child, was under a restrictive order limiting the conditions under which she could see her boyfriend and imposing an 11 p.m. curfew. Because the alleged rape occurred while the complainant was in violation of the court imposed curfew, the defense theorized that she had a motive to fabricate in order to avoid punishment for the curfew violation. The court held that the defense should have been permitted to present the curfew violation to the jury. It expressly refused to speculate whether the defense theory would have been accepted by the jury. *Id.*, 361 Pa.Super. at 49–53, 521 A.2d at 466–469.

■ In the instant case, appellant attempted to show that Frisby was on probation for a prior assault and that Warren was on probation for robbery. Because the witnesses were themselves on probation, the defense theorized, Frisby may have testified as a Commonwealth witness in the belief that he could thereby avoid an action to revoke his probation as a result of the fracas at the carnival and Warren may have believed he could curry favor with the Commonwealth.[1] Under these circumstances, we are required to conclude that the offered evidence was relevant and that to refuse to allow it was error.

The trial court did not have the benefit of the Supreme Court decision in *Evans* at the time of trial in this case. The court concedes that had it had knowledge of that decision, its evidentiary ruling might have been different. The trial court has suggested, however, that the error was harmless. We are unable to agree with this assessment.

---

1. Although Warren was not on probation at the time of the shooting, he was on probation at the time of trial and might, therefore, have been inclined to testify to please the prosecution. In this regard, we note that before his adjudication for robbery, Warren said he never saw Gay with a gun, but that after he was put on probation he testified he saw Gay fire the weapon.

This was not a case that was crystal clear. The shots were fired during a general melee in which a crowd of people had gathered to watch an altercation. Of all the people present, only Frisby and Warren identified appellant as the person who had fired a gun. The prosecuting attorney argued to the jury that they had no reason to lie. When all these circumstances are considered, we are unable to conclude beyond a reasonable doubt that it was harmless to disallow evidence suggesting a motive on the part of Frisby and Warren to testify as they did. See: *Commonwealth v. Evans, supra; Commonwealth v. Joines*, 264 Pa.Super. 281, 286, 399 A.2d 776, 779 (1979). For this reason, we conclude, this case must be remanded for a new trial.

Appellant also contends that the trial court erred when it overruled defense objections to statements made by the prosecuting attorney during closing argument. These statements were (1) that counsel believed the witnesses, Frisby and Warren, and (2) that "[i]f you don't want senseless violence like this to occur, then you must say to the defendant, yes, you did the shooting in this case...."

█ The latter argument was improper. In the first place, it was a non sequitur. A desire to prevent violence did not require a finding that it had been appellant who did the shooting in this case. Secondly, the argument sought to divert the jury from its duty to decide the case on the evidence by injecting an issue broader than the guilt or innocence of appellant. It suggested that a conviction of appellant was necessary if the jurors wanted to prevent senseless violence. This was in violation of Section 5.8 of the ABA Standards Relating to the Prosecution Function.

In *Commonwealth v. Cherry*, 474 Pa. 295, 378 A.2d 800 (1977), the prosecuting attorney had asked the jury to tell the people of Philadelphia that "shootings on the street like the wild west" will not be tolerated. This, the Supreme Court held, was improper because it was "an invitation to the jurors to shift their inquiry from the guilt or innocence of appellant to the need to make an example of someone accused of participating in a public shooting." *Id.*, 474 Pa.

346

at 305, 378 A.2d at 805. For the same reason, the argument of the prosecuting attorney in the instant case was impermissible and requires that a new trial be granted.

■ It was also improper for the prosecuting attorney to express her personal opinion regarding the credibility of the prosecution witnesses. See: *Commonwealth v. Pfaff*, 477 Pa. 461, 471, 384 A.2d 1179, 1184 (1978); *Commonwealth v. Cherry, supra.* In this case, the expression of opinion by the prosecuting attorney was not so egregious that, standing alone, it would require the granting of a new trial. Since this matter must be remanded, however, it may not be amiss to suggest that upon a retrial, counsel would be well advised to allow the jury to decide issues of credibility unimpeded by an expression of counsel's personal opinion.

Reversed and remanded for a new trial. Jurisdiction is not retained.