559 A.2d 579

COMMONWEALTH of Pennsylvania

v.

Michael D. WALKER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 31, 1988.

Filed May 30, 1989.

564

Deborah T. Lux, Assistant Public Defender, Bellefonte, for appellant.

M. Eileen Tucker, Assistant District Attorney, Bellefonte, for Com.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for rape, involuntary deviate sexual intercourse, indecent assault, recklessly endangering another person, unlawful restraint, and simple assault. Appellant raises a number of issues concerning the trial court's limiting his cross-examination of the complainant. Specifically, appellant contends that the trial court erred in refusing to allow him to (1) question the complainant concerning her prior sexual conduct; (2) question the complainant with regard to the fact that (a) she was on probation and parole and (b) there were other charges pending against her; and (3) impeach the complainant's credibility based on her prior conviction for criminal trespass. For the reasons that follow, we vacate the judgment of sentence and remand for a new trial.

On August 24, 1987, a jury found appellant guilty of the above-referenced charges. Post verdict motions were timely filed and denied, and, on February 9, 1988, appellant was sentenced to concurrent five-to-fifteen-year terms of imprisonment for rape and involuntary deviate sexual intercourse. The court determined that the remaining charges merged for sentencing purposes. Appellant's motion to modify sentence was timely filed and denied, and this appeal followed.

■ Appellant asserts nine claims of error, but because of our disposition of this appeal, we address only his claims regarding the court's restricting his cross-examination of the complainant.[1] Appellant first argues that the trial

---

1. Appellant's other claims are that the trial court erred in (1) admitting into evidence a towel seized from his car; (2) admitting into evidence photographs of the complainant's facial injuries; (3) denying his motion for a mistrial after a Commonwealth witness spoke with jurors during a recess; (4) denying his challenge to the constitutionali-

court erred in refusing to allow him to question the complainant concerning her prior sexual conduct. Appellant claims that Pennsylvania's Rape Shield Law, *see* 18 Pa.C.S.A. § 3104, does not bar the admission of this evidence because it was offered not to attack the complainant's chastity but to explain the presence of objective signs of sexual intercourse.[2] After carefully reviewing the record and appellant's brief, we conclude that the trial court has properly disposed of this contention in its opinion. Accordingly, we affirm the disposition of this issue on the basis of that opinion.

Appellant next argues that the trial court erred in refusing to allow him to question the complainant with regard to the fact that (1) she was on probation and parole and (2) there were charges pending against her at the time of trial. Appellant maintains that this evidence was admissible to show the complainant's potential bias. In *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), our Supreme Court articulated the standard to be applied when a criminal defendant seeks to cross-examine a prosecution witness about his or her criminal record in order to show motive or bias. The Court held that:

> whenever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

ty of the Rape Shield Law; (5) denying his challenge to the constitutionality of 18 Pa.C.S.A. § 3106 (concerning testimony of complainants); and (6) imposing an excessive sentence.

2. We note that, prior to trial, appellant filed a written motion and offer of proof concerning this evidence, as is required by the Rape Shield Law. *See* 18 Pa.C.S.A. § 3104.

The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise some doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case.

*Id.*, 511 Pa. at 224–25, 512 A.2d at 631–32 (footnote omitted). *See also Commonwealth v. Cauto*, 369 Pa.Super. 381, 387–88, 535 A.2d 602, 605 (1987). The possibility of motive or bias, of course, must be more than mere speculation. *Commonwealth v. Gay*, 369 Pa.Super. 340, 343, 535 A.2d 189, 190 (1988). "There must be a logical connection between the facts to be proven and the inference to be drawn from the facts." *Id.* (citations omitted).

After carefully reviewing the record, we agree with appellant that the evidence that he sought to introduce would have supported an inference that the complainant was biased. First, we note that, as a condition of the complainant's probation and parole, she was required to refrain from using alcohol and drugs. At trial, however, the complainant admitted that she had consumed twelve or thirteen beers and had taken pills on the night of the alleged rape. N.T. August 21, 1987, at 65, 67, 71–75. The complainant's actions were in direct violation of her probation and parole. Based on these facts, the complainant may have testified for the Commonwealth in the hope that she could avoid an action to revoke her probation or parole. Similarly, the fact that charges were pending against the complainant would support an inference that she was biased. The complainant had been arrested and charged with disorderly conduct one week before appellant's trial. As a result of that arrest, she was also charged with violating her probation and parole. Based on these facts, the complainant may have testified in the hope that she could curry

favor with the Commonwealth with regard to both the pending charge, and the probation violation charge. In summary, because the proffered evidence was relevant to establishing that the complainant may have been biased, we must conclude that the trial court erred in refusing to allow the evidence. *See Commonwealth v. Evans, supra; Commonwealth v. Cauto, supra; Commonwealth v. Gay, supra.*

■ Appellant also argues that the trial court erred in refusing to allow him to impeach the complainant's credibility based on her prior conviction for criminal trespass. Appellant maintains that this conviction was admissible because criminal trespass involves an element of deceit. We agree. It is settled that a witness may be impeached on the basis of past convictions, as long as the convictions involve crimes of dishonesty or false statement (*crimen falsi*), and the date of conviction or the last day of confinement is within ten years of the trial date. *See Commonwealth v. Randall*, 515 Pa. 410, 412, 528 A.2d 1326, 1329 (1987); *see also Commonwealth v. Yost*, 478 Pa. 327, 334–35, 386 A.2d 956, 960 (1978).[3]

■ The complainant's criminal trespass conviction occurred on January 12, 1986; thus, the question we must determine is whether this offense is in the nature of *crimen falsi*. Although our research has revealed no Pennsylvania case which has decided this issue,[4] we have no difficulty in resolving the question. The crime of criminal trespass involves either entering or remaining in a place, while knowing that one is not licensed or privileged to do so. *See*

---

**3.** If the conviction is more than ten years old, it may be admitted only if the court determines that the value of the evidence substantially outweighs its prejudicial effect. *Commonwealth v. Randall, supra.*

**4.** We note that, in his dissenting opinion in *Commonwealth v. Cobb*, 258 Pa.Super. 91, 392 A.2d 698 (1978), Judge VAN DER VOORT stated the view that criminal trespass convictions which involve either entry by "subterfuge" or "surreptitious" entry "clearly impl[y] dishonest conduct" and should be admissible for impeachment purposes. *Id.*, 258 Pa.Superior Ct. at 96–96, 392 A.2d at 701 (VAN DER VOORT, J., joined by PRICE, J., dissenting).

18 Pa.C.S.A. § 3503.[5] Because the offense involves the commission of an act that the offender *knows* he or she is not licensed or privileged to do, it reflects adversely on the offender's honesty. Moreover, we note that criminal trespass is similar to burglary, *see* 18 Pa.C.S.A. § 3502,[6] which this Commonwealth has long recognized as a crime that involves dishonesty. *See Commonwealth v. Amos*, 445 Pa. 297, 306 & n. 3, 284 A.2d 748, 752 & n. 3 (1971); *see also Commonwealth v. Nenninger*, 359 Pa.Super. 444, 519 A.2d 433 (1986). Accordingly, we conclude that criminal trespass is an offense in the nature of *crimen falsi*, and thus the trial court should have allowed appellant to impeach the complainant with her 1986 conviction. *See Commonwealth v. Randall, supra.*

5. Section 3503 provides in relevant part:

**§ 3503. Criminal trespass**
**(a) Buildings and occupied structures.—**
(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or
(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

\* \* \* \* \* \*

**(b) Defiant trespasser.—**
(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
(i) actual communication to the actor; or
(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or
(iii) fencing or other enclosure manifestly designed to exclude intruders.

\* \* \* \* \* \*

*Id.*

6. Section 3502 provides in relevant part:

**§ 3502. Burglary**
**(a) Offense defined.—**A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

\* \* \* \* \* \*

*Id.*

■ Finally, we note that the court's errors in limiting appellant's cross-examination of the complainant clearly were not harmless. The complainant was the sole Commonwealth witness who could testify as to the circumstances of the alleged rape. Because the complainant's testimony was the crucial link in the proof of appellant's act, the accuracy and truthfulness of her testimony were critical elements in the Commonwealth's case. In these circumstances, we cannot conclude that it was harmless to disallow evidence suggesting that the complainant was biased, or that she was not a credible witness.[7] *See Commonwealth v. Gay*, 369 Pa.Super. at 344–45, 535 A.2d at 191; *see also Commonwealth v. Evans, supra; Commonwealth v. Cauto, supra*. Accordingly, this case must be remanded for a new trial.

For the foregoing reasons, we vacate the judgment of sentence and remand for a new trial.

Vacated and remanded. Jurisdiction relinquished.

CERCONE, J., concurs in the result of the opinion by HOFFMAN, J.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

Although I concur in the ultimate result reached by the majority in this case, i.e., the grant of a new trial, I dissent with regard to the determination of the second issue.

I agree with the legal principles cited by the majority concerning the appellant's right, when cross-examining a prosecution witness, to admit evidence of bias. However, I disagree with the majority's conclusion that the evidence which the appellant seeks to admit supports the inference of

7. We note also that this evidence would be particularly important to appellant's defense because he had introduced independent evidence that called into question the complainant's credibility. For example, the barmaid who served both appellant and the complainant on the night in question testified that, immediately after leaving the bar with appellant, the complainant "came back into the bar and whispered in my ear that if anything went wrong, that she was going to holler rape." N.T. August 24, 1987, at 6.

bias on the part of the victim. It is the majority's position that the victim may have testified for the Commonwealth in the hope that she could avoid an action to revoke her probation/parole.[1] If this were the classic bias situation in which an individual, who is facing criminal prosecution, offers to testify against a criminal defendant, whom the Commonwealth is prosecuting in order to gain favorable treatment or in the hopes of receiving favorable treatment, I would have no trouble finding an inference of bias. However, the facts of the instant case clearly distinguish it from the classic bias situation in two distinct ways. First, the prosecution witness in the instant case is the victim. Unlike a third party prosecution witness, whose sole reason for testifying is the lure of favorable treatment from the Commonwealth on pending charges, the victim is an interested party. She was the target of the crime. Furthermore, she has the power to initiate or preclude charges from being brought against the appellant. This is an important difference. If the complainant wanted to insure that her probation/parole would not be revoked, all she had to do was not report the rape. The sole reason the violation surfaces is because she reported the rape. If anything, the evidence of the complainant's probation/parole violation strengthens the complainant's testimony. Here is a woman who immediately after being raped reports it even though she knows that she has violated her probation/parole and the violation will be exposed once the rape is reported. I fail to see how the violation of her probation/parole creates bias. In order to bring this case within the outer reaches of a true bias situation, the facts would have to be altered so as to reflect a report of the rape after the probation/parole violation is discovered. Unlike the classic biased prosecution witness, the victim under the unaltered facts of the instant case receives no benefit at the time she reports the crime, for her misconduct has yet to be discovered. This

---

1. The record is unclear whether the complainant was facing revocation of her parole, probation, or both. In any event, the basis of the revocation was the fact that she had been drinking on the night of the rape.

brings me to the second point I wish to make. Unlike the third party prosecution witness, whose illegal conduct has placed him in his predicament, the victim's conduct in the instant case is a technical violation. Such technical violations are handled by the Board of Probation and Parole. Since such matters are dealt with by the Board of Probation and Parole, the Commonwealth is not in a position to promise leniency. Therefore, the motivation to report the rape to the police and to testify for the Commonwealth, which is necessary to support the inference of bias, does not arise from the hope that favorable treatment will be extended by the District Attorney's Office, because the District Attorney's Office has no ultimate control over the decisions of the Probation and Parole Board. For these reasons, I would affirm the trial court's actions in denying the admission of this evidence.

Likewise, I disagree with the majority's position that the victim may have testified for the Commonwealth in the hope that she could curry favor with the Commonwealth with regard to the pending disorderly conduct charge. The flaw in this supposition becomes apparent when the events are placed in there proper time frame. The rape occurred on June 2, 1987 and was immediately reported by the victim. Two weeks later, the victim testified against the appellant at his preliminary hearing. A week before the trial, the victim was charged with disorderly conduct. In that the victim's trial testimony did not substantially differ from that which she gave at the preliminary hearing, I fail to see how the disorderly conduct charge creates bias. For surely the disorderly conduct charge comes too late in time to influence the victim's preliminary hearing testimony. Therefore, I would affirm the action of the trial court in denying the admission of this evidence. Neither the parole violation evidence, nor the disorderly conduct evidence, supports an inference of bias such as to warrant the grant of a new trial.

For these reasons, I would vacate the sentence and remand for retrial. However, unlike the majority, I would

hold that the evidence of the victim's probation violation and disorderly conduct charge is inadmissible.