J-S71012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RONALD REDDEN | |
| Appellant | No. 103 EDA 2016 |

Appeal from the Judgment of Sentence August 19, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001975-2015

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 28, 2016**

Ronald Redden appeals the judgment of sentence of seven days to six months incarceration, plus fines and costs, imposed following his convictions for driving under the influence – general impairment ("DUI"), driving while operating privilege is suspended or revoked, driving on roadways laned for traffic, and careless driving.  We affirm.

Appellant's offenses arose from the following factual scenario.  On November 12, 2014, after loading concrete blocks into the bed of his Ford F-150 pick-up truck, Appellant left his friend's house in Chester County to return to his home in Delaware.  While spanning an overpass along southbound Route 202, Appellant hit a bump, blew out a tire, and lost control of his vehicle.  The truck spun, struck the median, and came to rest

---

* Former Justice specially assigned to the Superior Court.

facing northbound in the left lane. A passing motorist alerted police to the accident. Local police Officer William Cooper responded first to the scene, followed by State Trooper Wesley Foster.

When Officer Cooper arrived on location, Appellant was standing outside the vehicle. No one else was present. Officer Cooper detected the odor of alcohol emanating from Appellant and noted that he was slurring his speech. When asked what had happened, Appellant relayed to the officer that he hit a bump and lost control of the truck.

Approximately ten minutes later, Trooper Foster arrived. Trooper Foster noted that Appellant smelled of alcohol, slurred his speech, and presented with bloodshot eyes. Appellant had difficulty providing the necessary documentation to the trooper. When he did ultimately provide it, a routine status check revealed Appellant's license was revoked. When Trooper Foster pressed Appellant as to the cause of the accident, Appellant changed his version of events, claiming that his friend John McConnell had been driving the truck. He maintained that Mr. McConnell fled after the accident by jumping the median, crossing the northbound lane, and then jumping off the side of the overpass. To verify this account, Trooper Foster asked Appellant to call Mr. McConnell, who thereafter denied being the driver of the truck. Trooper Foster then placed Appellant under arrest for suspicion

of DUI. Subsequently, Appellant refused a breath test after Trooper Foster provided Appellant his **O'Connell**[1] warning.

Appellant was charged with DUI, driving while operating privilege is suspended or revoked, driving on roadways laned for traffic, careless driving, and exceeding the registered gross weight. Following a bench trial, Appellant was convicted of all counts, except violating the registered gross weight provision. Appellant filed a timely post-sentence motion challenging the weight of the evidence and requesting that the court reconsider his sentence. The court denied Appellant's motion. Appellant then filed a timely appeal and complied with the strictures of Rule 1925(b). The court filed a Rule 1925(a) opinion and this matter is now ready for our review.

Appellant presents two questions for our consideration:

1. Was the verdict against the weight of the evidence presented?

2. Did the trial court err in admitting and considering evidence of a Criminal Trespass conviction from 2002 on cross-examination of a defense witness, Joseph Stein?

Appellant's brief at 5.

Appellant first raises a challenge to the weight of the evidence. When reviewing a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of

---

[1] **Dep't of Transp., Bureau of Traffic Safety v. O'Connell**, 555 A.2d 873 (Pa. 1989). As a result of Appellant's refusal to allow a blood-test, he became automatically subject to a twelve-month license suspension.

discretion in resolving the challenge. ***Commonwealth v. Konias***, 136 A.3d 1014, 1022 (Pa.Super. 2016) (citation omitted). We do not substitute our view for that of the trial court. Our deference to the trial court is based on the fact that the trial judge heard and observed the evidence presented. ***Id***. Simply put, "one of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id.*** A new trial is warranted only when the verdict is "so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Id***.

Of equal importance is the precept that, "The finder of fact . . . exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." ***Id***. at 1023; ***see also Commonwealth v. Page***, 59 A.3d 1118, 1130 (Pa.Super. 2013) ("A determination of credibility lies solely within the province of the factfinder."); ***Commonwealth v. Blackham***, 909 A.2d 315, 320 (Pa.Super. 2006) ("It is not for this Court to overturn the credibility determinations of the factfinder.").

Appellant assails the trial court's determination that he was driving when the accident occurred. He contends that the trial court abused its discretion in conferring undue weight to Officer Cooper's testimony that he

- 4 -

admitted to being the driver of the truck. Rather, Appellant posits, the trial court should have given greater weight to his witnesses. He argues that the testimony of his friend, Joe Stein, revealed that Appellant was not driving the truck when he left Mr. Stein's residence prior to the accident. In addition, John McConnell testified that he was driving the truck. Furthermore, Appellant asserts that he consistently denied operating the vehicle. As such, any statements he made to the contrary were either misspoken or misunderstood and can be attributed to his state of intoxication during the evening in question. In light of this evidence, Appellant concludes that the trial court abused its discretion in denying his weight of the evidence claim.

In considering this issue, the trial court determined "the evidence strongly supports the verdict," and thus, it is "not contrary to the evidence as to shock one's sense of justice." Trial Court Opinion, 5/2/16, at 21. In reviewing the evidence proffered by the Commonwealth, the trial court noted that Officer Cooper arrived within thirty seconds after the accident was reported, and observed only Appellant at the scene. The court credited the officer's testimony as to Appellant's original account of the accident, including his admission that he was operating the vehicle. The court emphasized Appellant's apparent lack of concern for his friend, Mr. McConnell, who purportedly jumped from the overpass.

Additionally, the court did not credit the testimony of either of Appellant's witnesses. Specifically, it observed that Mr. McConnell initially denied driving the vehicle while conversing with Trooper Foster over the phone shortly after the accident. Mr. McConnell then made no attempt to clarify the record during the months preceding Appellant's trial. Hence, the trial court did not abuse its discretion in ruling the verdict was not so contrary to the evidence as to shock one's sense of justice.

Next, Appellant challenges the trial court's ruling regarding the admissibility of Mr. Stein's past conviction for a crime in the nature of *crimen falsi*. Our standard of review of the trial court's evidentiary rulings is as follows:

> Questions concerning the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Sitler*, 144 A.3d 156, 163 (Pa.Super. 2016) (citations and internal quotation marks omitted). The admissibility of prior convictions in the nature of *crimen falsi* is governed by Pa.R.E. 609. Pennsylvania Rule of Evidence 609 reads, in pertinent part:

(a)    In General.  For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.

(b)    Limit on Using the Evidence After 10 Years.  This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.  Evidence of the conviction is admissible only if:

(1)    its probative value substantially outweighs its prejudicial effect; and

(2)    the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609 (a) and (b).

Appellant contends the trial court abused its discretion in permitting the Commonwealth to question Mr. Stein regarding a 2003 conviction for criminal trespass.  First, Appellant asserts that **Commonwealth v. Walker**, 559 A.2d 579 (Pa.Super. 1989), which found criminal trespass to be an inherently *crimen falsi* offense, was called into question by this Court's decision in **Commonwealth v. Davis**, 17 A.3d 390 (Pa.Super 2011).  Alternatively, Appellant avers that, as Mr. Stein's conviction occurred more than ten years ago, the Commonwealth failed to demonstrate that its probative value substantially outweighed its prejudicial effect.

As resolution of this matter involves an interpretation of the statute related to criminal trespass, we set it forth at the outset:

- 7 -

(a) Buildings and occupied structures.—

    (1)    A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

        (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

        (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

. . . .

(b) Defiant trespasser.—

    (1)    A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

        (i) actual communication to the actor;

        (ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders;

        (iii) fencing or other enclosure manifestly designed to exclude intruders;

        (iv) notices posted in a manner prescribed by law or reasonably likely to come to the person's attention at each entrance of school grounds that visitors are prohibited without authorization from a designated school, center or program official; or

        (v) an actual communication to the actor to leave school grounds as communicated by a school, center or program official, employee or agent or a law enforcement officer.

18 Pa.C.S. § 3503 (a) and (b).

In **Walker**, **supra**, we stated that "[t]he crime of criminal trespass involves either entering or remaining in a place, while knowing that one is

not licensed or privileged to do so." ***Walker***, ***supra*** at 582. Moreover, since "the offense involves the commission of an act that the offender **knows** he or she is not licensed or privileged to do, it reflects adversely on the offender's honesty." ***Id***. (emphasis in original). Hence, we concluded that criminal trespass is an offense in the nature of *crimen falsi*, and the trial court should have permitted the defendant to impeach the witness on that basis.

This Court revisited the ***Walker*** decision in ***Davis***, ***supra***. Therein, the appellant asserted that the trial court erred in precluding impeachment of a witness regarding that witness's prior convictions for defiant trespass under 18 Pa.C.S. § 3503(b). Davis argued that, as criminal trespass is inherently *crimen falsi* pursuant to ***Walker***, then defiant trespass must also be *crimen falsi*, since both crimes require knowledge of a lack of license or privilege to enter.

In analyzing Davis's claim, this Court first observed that ***Walker*** did not carry precedential value. We noted that one member of the ***Walker*** panel concurred in result, another dissented, and therefore, it did not reflect the opinion of the majority of the panel.[2] Only one subsequent case,

---

[2] Judge Montemuro's dissent in ***Commonwealth v. Walker***, 559 A.2d 579 (Pa.Super. 1989), was not premised upon a disagreement concerning the majority's findings with regard to criminal trespass as a *crimen falsi* offense. Despite Judge Montemuro's dissent to a separate issue, he nevertheless
*(Footnote Continued Next Page)*

*Commonwealth v. Hall*, 867 A.2d 619 (Pa.Super. 2005), adopted the *Walker* court's holding that criminal trespass is *crimen falsi*, but did so without relying on its reasoning. Hence, we determined that **Hall** did not provide a basis to apply **Walker's** reasoning to defiant trespass.

Notwithstanding **Walker's** lack of precedential effect, this Court in **Davis** refrained from extending the **Walker** decision to defiant trespass. In so holding, we reasoned that to be found guilty of criminal trespass, "a defendant typically either 'gains entry by subterfuge or surreptitiously remains in any building or occupied structure[.]'" **Davis**, **supra** at 389. In comparison, defiant trespass "does not require the defendant to act with 'subterfuge,' or 'surreptitiously[.]'" **Id**. As such, defiant trespass "merely requires that a person enter a place with knowledge of a lack of license or privilege . . . [which] does not of necessity involve either dishonesty or false statement." **Id**. at 398-399. Thus, we determined that defiant trespass was not inherently a crime in the nature of *crimen falsi*.

We find that **Davis**, **supra**, calls into question the determination that criminal trespass is an inherently *crimen falsi* crime pursuant to **Walker**, **supra**. We agree with the reasoning presented in **Davis** that mere knowledge of a lack of license or privilege does not necessarily reflect

*(Footnote Continued)* ───────────

concurred in the majority's result. As such, **Walker** carries no precedential value since two judges concurred in the result reached by the authoring judge, Judge Hoffman.

- 10 -

negatively upon a person's character for honesty. In that sense, the *Walker* court's analysis did not go far enough. Nevertheless, we are persuaded by the analysis in *Davis* that requiring a defendant to act with subterfuge, or gain entry surreptitiously, under 18 Pa.C.S. § 3503(a)(1)(i), implicates deceitful conduct.

Herein, the record does not reveal whether Mr. Stein was convicted of criminal trespass pursuant to 18 Pa.C.S. § 3503(a)(1)(i) or (ii). Insofar as a conviction for criminal trespass under § 3503(a)(1)(ii) does not require subterfuge or surreptitious entry, it is unclear whether it constitutes an offense in the nature of *crimen falsi*. Hence, in light of the record before us, we cannot determine whether the trial court abused its discretion in permitting testimony regarding Mr. Stein's past criminal trespass conviction.

Assuming, *arguendo*, that the trial court erred, we find any error to be harmless. Harmless error exists, *inter alia*, where the error did not prejudice the defendant or the prejudice was *de minimis*. **Commonwealth v. Ballard**, 80 A.3d 380, 398 (Pa. 2013). Instantly, the trial court indicated that "this offense of a lesser *crimen falsi* conviction was not to be given much weight," and that "the conviction had no effect on [the] court's weighing the credibility of Mr. Stein." Trial Court Opinion, 4/28/16, at 24. The court's decision to convict Appellant was premised upon its conclusions that Officer Cooper was being truthful about Appellant's initial statement and Trooper Foster was believable when he reported that Mr. McConnell denied

- 11 -

that he was driving the truck on November 12, 2014. Since any error in the introduction of Mr. Stein's prior conviction did not affect the trial court's verdict herein, we find no prejudice to Appellant, and thus, this claim does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2016