J. S23042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAHEEM SMITH, | : | No. 2322 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 22, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003332-2017

BEFORE:  NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              Filed: October 1, 2020

Raheem Smith appeals from the June 22, 2018 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of two counts of robbery—threat of immediate serious injury and one count each of conspiracy to commit robbery, possession of firearms by a prohibited person, firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1]  The trial court sentenced appellant to an aggregate term of 12-24 years' imprisonment, to be followed by 18 months' probation.  After careful review, we affirm.

The trial court provided the following factual history:

> On August 21, 2016, at approximately 11:45 p.m., James DeSimone and Gary Moore[] went to

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a), 6105(a)(1), 6106(a)(1), and 6108, respectively.

Club Onyx, a nightclub in South Philadelphia. As they got out of their car and walked toward the club entrance, appellant approached them and asked for a light. DeSimone and Moore told [him] that they didn't have one and turned to walk away. At that point, two other men approached DeSimone and Moore with guns drawn. Appellant, who was now behind DeSimone and Moore, put a gun to DeSimone's back, placed a hand on his shoulder and told the other men "they're not going anywhere." Appellant and his cohorts took DeSimone's belt, sneakers, wallet and money and took Moore's wallet and jewelry.

Following the robbery, the assailants got into a silver Hyundai and drove away. DeSimone and Moore ran back to their car and followed the Hyundai onto I-95 South. DeSimone called 911 as he gave chase. Eventually[,] police vehicles picked up the chase as the robbers sped south on I-95.

The police pursued appellant and his friends to Wilmington[,] Delaware, where the Hyundai crashed into a parked car and came to a stop. Appellant's friends fled on foot. Appellant, however, was trapped inside the front passenger seat of the Hyundai. Members of the Wilmington Police Department and the Pennsylvania State Police arrested appellant and recovered the victims' property from inside the car. They also found a gun under the passenger side of the car near appellant. DeSimone and Moore arrived on the crash scene as appellant was being transported to the hospital. They positively identified appellant as one of the robbers and also identified their stolen property.

Appellant, who lived in Delaware at the time of the incident, testified that he and his friends, [Javon Jackson and Kenny[2]], went to Club Onyx on the night in question. Appellant stated that he saw DeSimone and Moore in the parking lot and asked them for a light. Appellant claimed that he did not know that his friends were armed and had no idea that they

---

[2] Kenny's last name does not appear in the certified record.

> intended to rob the complainants. Appellant further testified that he wouldn't have gotten into the car with [Jackson] and Kenny if he had known that they were armed. Appellant said that he was shocked, disappointed and scared. Appellant asked [Jackson] to take him home and claimed that he was unaware that they were being chased until he saw police sirens.
>
> In addition to vigorous cross-examination, the Commonwealth attempted to impeach appellant by introducing, via stipulation, that he had been convicted of burglary, graded as a felony of the 3rd degree, in Wilmington, Delaware in 2016.

Trial court opinion, 7/16/19 at 1-3 (citations to the record omitted).

A jury convicted appellant of the aforementioned crimes on April 25, 2018. The trial court imposed sentence on June 22, 2018. Appellant filed a motion for reconsideration of sentence which was denied by the trial court on July 5, 2018. Appellant filed a timely notice of appeal on August 6, 2018.[3] The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> 1. Did not the trial court abuse its discretion in permitting the Commonwealth to put into evidence that [appellant] had a conviction for [b]urglary in the third degree, a class F felony, in the [S]tate of Delaware when [the] Commonwealth provided no official account of the crime [appellant] had previously been found

---

[3] August 4, 2018, fell on a Saturday. Accordingly, appellant's notice of appeal was timely filed. **See** 1 Pa.C.S.A. § 1908.

> guilty of and provided no evidence that the crime included actions that would entail dishonesty thereby allowing the Commonwealth to impeach [appellant's] honesty[?]
>
> 2. Did not the [trial c]ourt err in giving a flight instruction to the jury, where there was no sufficient basis to give that instruction as there was no evidence [appellant] fled from police, but rather was an involuntary passenger in a vehicle[?]

Appellant's brief at 7.

In his first issue, appellant contends that the trial court erred when it permitted the Commonwealth to introduce evidence of appellant's conviction of burglary in the State of Delaware as a means of impeaching appellant's honesty without an analysis of the actual crime committed. (*Id.* at 11-14.)

Appellate reviews of a trial court's evidentiary decisions are governed by the following standard of review:

> The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa.Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014), quoting *Commonwealth v. Hanford*, 937 A.2d 1094, 1098 (Pa.Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008).

The Pennsylvania Rules of Evidence mandate that evidence of a conviction of a crime involving dishonesty or a false statement be admitted

"[f]or the purpose of attacking the credibility of any witness[.]" Pa.R.E. 609(a). Evidence of a criminal conviction, however, is generally not admissible "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Pa.R.E. 609(b).

Here, appellant's 2016 conviction of burglary from the State of Delaware is at issue. (**See** notes of testimony, 4/23/18 at 75.) Pennsylvania courts have recognized burglary as a crime involving dishonesty or false statement. ***Commonwealth v. Cole***, 227 A.3d 336, 340 (Pa.Super. 2020), citing ***Commonwealth v. LaMassa***, 532 A.2d 450, 452 (Pa.Super. 1987). Our Crimes Code defines burglary as follows:

> **(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person present and the person commits, attempts or threatens to commit a bodily injury crime therein;
>
> (ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the

offense any person is present;

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;

(3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or

(4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S.A. § 3502(a). By comparison, the State of Delaware defines third-degree burglary—the conviction at issue here—as follows: "A person is guilty of burglary in the third degree when the person knowingly enters or remains unlawfully in a building with intent to commit a crime therein." 11 Del.C. § 824.

Furthermore, in **Commonwealth v. Davis**, 17 A.3d 390 (Pa.Super. 2011), **appeal denied**, 29 A.3d 371 (Pa. 2011), this court reaffirmed that Pennsylvania courts recognize criminal trespass as a **crimen falsi** offense. Specifically, this court noted the following:

> The crime of criminal trespass involves either entering or remaining in a place, while knowing that one is not licensed or privileged to do so. Because the offense involves the commission of an act that the offender **knows** he or she is not licensed or privileged to do, it reflects adversely on the offender's honesty. Moreover, we note that criminal trespass is similar to burglary, which this Commonwealth has long recognized as a crime that involves dishonesty. Accordingly, we conclude that criminal trespass is an offense in the nature of **crimen falsi** . . . .

**Id.** at 397-398, quoting **Commonwealth v. Walker**, 559 A.2d 579, 582-583 (Pa.Super. 1989) (emphasis in original); **see also** 18 Pa.C.S.A. § 3503(a).

The trial court determined that the Pennsylvania burglary statute and the Delaware third-degree burglary statute are sufficiently similar. (Notes of testimony, 4/23/18 at 87.) Based on our review of the relevant statutes in both jurisdictions and in light of this court's decisions in **Walker** and **Davis**, we discern no abuse of discretion on the part of the trial court. Accordingly, appellant's first issue is without merit.

In his second issue, appellant avers that the trial court erred when it provided the jury with a flight instruction when "there was no sufficient basis to give that instruction as there was no evidence [appellant] fled from [the] police, but rather was an involuntary passenger in a vehicle." (Appellant's brief at 15.)

When reviewing a trial court's instructions to the jury, we are governed by the following standard:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and

not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Roane*, 142 A.3d 79, 95 (Pa.Super. 2016), quoting

*Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa.Super. 2007) (citation

omitted).

When addressing jury instructions pertaining to flight, we have held

that:

[a] flight instruction is proper when:

a person has reason to know he is wanted in connection with a crime, and proceeds to flee or conceal himself from the law enforcement authorities, such evasive conduct is evidence of guilt and may form a basis, in connection with other proof, from which guilt may be inferred.

*Commonwealth v. Harvey*, [] 526 A.2d 330, 334 ([Pa.] 1987). "A defendant's knowledge may be inferred from the circumstances attendant [to] his flight." *Commonwealth v. Johnson*, [] 838 A.2d 663, 681 ([Pa.] 2003).

*Commonwealth v. Thoeun Tha*, 64 A.3d 704, 714 (Pa.Super. 2013).

Here, as noted above, appellant contends that he was an "involuntary

passenger" in a vehicle with his friends, Javon Jackson and Kenny.

(Appellant's brief at 15.) As noted by the Commonwealth, appellant's

argument is belied by his own trial testimony. (**See** Commonwealth's brief at 12.) Indeed, during direct examination, appellant testified that after the robbery, he got into a car with Jackson and Kenny. (Notes of testimony, 4/23/18 at 109.) During cross-examination, appellant admitted that he could have walked away both while the robbery was in progress and after the robbery was complete. (**Id.** at 134.) Appellant also testified that he did not call 911 while the robbery was in progress. (**Id.** at 133.)

Based on our review of the record, we find that the Commonwealth presented sufficient evidence that appellant either knew or had reason to know that he would be wanted by the police in connection with the robbery at issue in the instant case. Accordingly, the trial court did not abuse its discretion when it provided the jury with a flight instruction. Therefore, appellant's second issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/20